In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-090 CV


____________________



CEDYCO CORPORATION, Appellant



V.



ANDERSON MARTIN WHITEHEAD, Appellee






On Appeal from the 1-A District Court


Jasper County, Texas


Trial Cause No. 27,261






OPINION


 Appealing from a summary judgment entered in favor of Anderson Martin Whitehead
("Whitehead"), Cedyco Corporation ("Cedyco") raises two issues. First, Cedyco contends
that the trial court "erred in entering summary judgment . . . based on two broad requests for
admissions, which were deemed admitted" and, second, Cedyco contends that the trial court
"abused its discretion in refusing to grant the motion to undeem the requests for admissions." 
From the substance of Cedyco's first issue, we understand it as complaining of Whitehead's
failure to support his summary judgment motion with proper summary-judgment evidence. 
We agree and reverse the summary judgment. 

 The record indicates that in April of 2006, Whitehead petitioned the trial court for a
judgment declaring certain assignments purportedly held by Cedyco to a $1.3 million
judgment "null and void, without force or effect, and that any abstracts, writs, or other
instruments issued pursuant to same are declared also to be null and void[.]" Whitehead
alleges that the money-judgment at issue, entered in September of 1984, in a Jasper County
district court, was assigned and transferred to him via a negotiated settlement agreement
during the pendency of a separate and unrelated 1997 lawsuit, styled, Head Oil Prod. Co. v.
Marvin Whitehead et al., Trial Cause Number 17,205. As part of his 2006 declaratory
judgment action, Whitehead served requests for admissions on Cedyco. When Cedyco failed
to timely respond to the requests for admissions, they were deemed admitted by Cedyco. See
Tex. R. Civ. P. 198.2(a) (a party must respond to requests for admissions within thirty days);
198.2(c) ("If a response is not timely served, the request is considered admitted without the
necessity of a court order."). 

 Thereafter, Whitehead filed a motion for summary judgment supported primarily by
the deemed admissions and Cedyco's pleadings. On the day of the summary judgment
hearing, Cedyco appeared and filed a motion for leave to make late responses to Whitehead's
request for admissions. The trial court denied Cedyco's motion for leave and granted
Whitehead's summary judgment motion, declaring him "rightful owner and holder" of the
$1.3 million judgment. The summary judgment also awarded Whitehead attorney's fees in
the amount of $25,000. 

 "The function of summary judgment is not to deprive a litigant of his right to trial by
jury, but to eliminate patently unmeritorious claims and untenable defenses." City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 n.5 (Tex. 1979) (citing
Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931 (1952)). A plaintiff is entitled to
summary judgment on a cause of action only if he conclusively proves all essential elements
of his claim as a matter of law. See Tex. R. Civ. P. 166a(a), (c); Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999); MMP Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). 
When reviewing a summary judgment, we accept as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in the
nonmovant's favor. See IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143
S.W.3d 794, 798 (Tex. 2004). When the movant's summary judgment proof fails to
conclusively establish each element of his cause of action, the trial court may not render a
summary judgment by default solely because the nonmovant did not file a summary judgment
response. See Rhone-Poulenc, Inc., 997 S.W.2d at 223; Clear Creek Basin Auth., 589
S.W.2d at 678. The movant's motion "for summary judgment must itself expressly present
the grounds upon which it is made, and must stand or fall on these grounds alone." Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 912 (Tex. 1997) (citing McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); see also Tex. R. Civ. P. 166a(c)
(requiring motion to explicitly state the specific grounds for summary judgment).

 The longstanding rule is that allegations in pleadings are not competent summary
judgment evidence, even if sworn or verified. See Laidlaw Waste Sys. (Dallas), Inc. v. City
of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995); Americana Motel, Inc. v. Johnson, 610 S.W.2d
143, 143 (Tex. 1980); Clear Creek Basin Auth., 589 S.W.2d at 678; Hidalgo v. Surety Sav.
& Loan Ass'n., 462 S.W.2d 540, 545 (Tex. 1971). "Pleadings outline the issues, but they are
not evidence." Shawell v. Pend Oreille Oil & Gas Co., 823 S.W.2d 336, 338 (Tex. App.--Texarkana 1991, writ denied). Therefore, any averments contained in pleadings are not
proper summary judgment evidence and will not sustain the trial court's summary judgment
in favor of Whitehead.

 Regarding the deemed admissions, we noted above that when a party fails to timely
respond to request for admissions, the matters therein are deemed admitted. Tex. R. Civ. P.
198.2(c). Admissions of fact on file at the time of a summary judgment hearing are proper
summary judgment proof and will, therefore, support a motion for summary judgment. Tex.
R. Civ. P. 166a(c); see e.g., Acevedo v. Comm'n for Lawyer Discipline, 131 S.W.3d 99, 105
(Tex. App.--San Antonio 2004, pet. denied). However, a request for admission asking a
party to admit or deny a purely legal issue is improper, and a deemed admission involving
a purely legal issue is of no effect. See Boulet v. State, 189 S.W.3d 833, 838 (Tex. App.--Houston [1st Dist.] 2006, no pet.); Fort Bend Cent. Appraisal Dist. v. Hines Wholesale
Nurseries, 844 S.W.2d 857, 858-59 (Tex. App.--Texarkana 1992, writ denied). This is so
because the primary purpose of requests for admissions is to simplify trials by eliminating
matters about which there is no real controversy. See Stelly v. Papania, 927 S.W.2d 620, 622
(Tex. 1996). "It was never intended to be used as a demand upon a plaintiff or defendant to
admit that he had no cause of action or ground of defense." Id. (quoting Sanders v. Harder,
148 Tex. 593, 227 S.W.2d 206, 208 (1950)).

 Whitehead's motion for summary judgment contains, inter alia, the following
assertion: 

 12. Three admissions by Defendant Cedyco Corporation are sufficient to
support a judgment for Plaintiff Whitehead. . . . Those three admissions are
quoted here in full: 

 NO. 8: The sole current legal owner of the Judgment is Anderson Martin
Whitehead.

 NO. 9: Defendant Cedyco Corporation is not the current legal owner of the
Judgment.

 No. [sic] 10: Reasonable and necessary legal fees of the plaintiff in this suit
are $25,000.00.


 The deemed admissions Numbers 8 and 9, as quoted above, are purely questions of
law and, therefore, are improper summary judgment evidence. See Wheeler v. Green, 157
S.W.3d 439, 443 (Tex. 2005) (equating merits-preclusive discovery sanctions with merits-preclusive deemed admissions for due process purposes); Boulet, 189 S.W.3d at 838
(summary judgment may not be sustained by deemed admissions that "embrace the
fundamental legal issues to be tried"); Gore v. Cunningham, 297 S.W.2d 287, 291 (Tex. Civ.
App.--Beaumont 1956, writ ref'd n.r.e.) (requests for admissions exists "to eliminate in
advance of the trial fact issues which would not be in dispute, and . . . the rule does not
contemplate or authorize admissions to questions involving points of law").

 Accordingly, we hold the trial court erred in granting summary judgment as
Whitehead's summary judgment motion and proper summary judgment evidence failed to
prove all the elements of Whitehead's claims as a matter of law. We find Whitehead's
motion was entirely supported by improper summary judgment evidence in the form of
pleadings and merits-preclusive deemed admissions solely embracing the fundamental legal
issues of the case. We sustain Cedyco's first appellate issue. 

 In light of our analysis and holding on issue one, and because we are remanding this
cause to the trial court, we decline to address Cedyco's second issue. The trial court may
wish to revisit its ruling on Cedyco's motion for leave to make late responses regarding the
previously deemed admissions in an effort to avoid compromising the presentation of the
merits of either party to the suit. See Wheeler, 157 S.W.3d at 443 (citing TransAmerican
Nat. Gas Corp. v. Powell, 811 S.W.2d 913, 917-18 (Tex. 1991)).

 We reverse the summary judgment of the trial court and remand for further
proceedings consistent with this opinion. 

 REVERSED AND REMANDED. 


 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on October 11, 2007

Opinion Delivered May 1, 2008



Before McKeithen, C.J., Kreger and Horton, JJ.

DISSENTING OPINION


 In its opinion, the majority holds that two of the deemed requests for admissions
considered by the trial court were improper summary judgment evidence because they were
admissions on issues presenting pure questions of law. As a result, the majority reasons that
the trial court improperly granted summary judgment and reverses this matter for a new trial.

 I disagree with the majority's reasoning and its result. Under the circumstances of this
case, Whitehead's requests for admissions addressed the parties' ownership of a prior
judgment in another civil case. These two requests concern a matter relevant to the subject
matter of the current lawsuit and relate to a claim or defense of the party seeking the
discovery. In my opinion, these two requests were not improper and sought admissions
within the scope of discovery as defined by the Texas Rules of Civil Procedure. Requests
seeking admissions on matters within Rule 192.3's scope of discovery, as well as requests
seeking admissions related to the application of law to fact, are expressly allowed by Rule
198.1 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 192.3; 198.1 (allows written
requests that seek to require the other party to "admit the truth of any matter within the scope
of discovery, including statements of opinion or of fact or of the application of law to fact").

 The cases relied upon by the majority concern instances where appellate courts have
found that the trial courts abused their discretion by refusing to allow admissions to be
withdrawn. However, the cases the majority cites do not hold that admissions on pure
questions of law under the current Rules of Civil Procedure are improper summary judgment
evidence. For example, in Wheeler v. Green, the Texas Supreme Court held that the trial
court should have granted a new trial and allowed the party suffering the admissions to
withdraw them where (1) the record showed no evidence of flagrant disregard for the rules;
(2) nothing indicated that the party's case, who suffered the deemed admissions, lacked
merit; and (3) nothing reflected that the opposing party was unable to prepare for trial
without the admissions. 157 S.W.3d 439, 443-444 (Tex. 2005). Further, the party suffering
the deemed admissions in Wheeler offered to pay the other party's expenses incurred because
of the lateness of the admitting party's responses. Id. at 444. There is no such offer in the
record here. Wheeler does not hold that admissions on purely legal questions are
incompetent summary judgment proof: instead, it requires that appellate courts evaluate a
trial court's refusal to allow a party to withdraw an admission under an abuse of discretion
standard. Id. 

 The majority also relies on Boulet v. State, 189 S.W.3d 833, 838 (Tex. App.-Houston
[1st Dist.] 2006, no pet.), for the proposition that an admission involving a purely legal issue
is of no effect. However, the holding in Boulet was that "Appellant showed good cause for
the withdrawal of the deemed admission, the State will not suffer undue prejudice, and the
presentation of the merits will be served by their withdrawal." Id. at 838. In my opinion,
Boulet's statement that the Rules of Procedure do not authorize admissions on question
involving points of law is dicta.

 In summary, the Rules of Civil Procedure expressly allow requests to be propounded
on matters within the scope of discovery. Tex. R. Civ. P. 192.3(a); 198.1. When answers
are not timely filed, the requests are deemed admitted. Tex. R. Civ. P. 198.2(c). The trial
court may, in its discretion, allow answers to requests for admissions be withdrawn or
amended if the party shows good cause for the withdrawal, that no undue prejudice will
occur to the party relying on the admissions, and that the presentation of the merits of the
action will be subserved by permitting the party to amend or withdraw the admission. Tex.
R. Civ. P. 198.3. Because the Rules of Procedure allow the types of requests for admission
served here, resolving this case requires that we address whether the trial court's refusal to
allow Cedyco to withdraw its admissions was an abuse of the trial court's discretion. 

 In my opinion, the trial court did not abuse its discretion. Cedyco's efforts to
withdraw its deemed admissions occurred too late and the evidence offered on good cause
was also too late, and in any event, insufficient. On November 29, 2006, the day of the
summary judgment hearing, Cedyco filed its initial request that it be allowed to respond to
the admissions that Whitehead propounded in June 2006. At that point, Whitehead's motion
for summary judgement had been on file since October 5, 2006. The record reflects that
Whitehead also attached the requests, that Cedyco failed to answer, as an exhibit to its
motion for summary judgment. Another exhibit to Whitehead's motion for summary
judgment is a letter dated August 25, 2006, in which Whitehead's attorney requested that
Cedyco's former attorney file discovery responses.

 Before the summary judgment hearing, Cedyco obtained a new attorney. On the date
of the summary judgment hearing, Cedyco filed its motion requesting permission to file late
responses to Whitehead's requests for admissions. Cedyco's motion alleges that Cedyco's
prior attorney "misplaced the requests for admissions and failed to forward them to
[Cedyco]." However, Cedyco did not attach an affidavit from its prior attorney supporting
its motion; instead, Cedyco's president verified the allegations in Cedyco's motion, stating
that the allegations in the motion were "true and correct to the best of my knowledge and
belief." Cedyco's motion requesting permission to file late responses to the requests did not
allege that it did not receive Whitehead's August reminder letter, a copy of Whitehead's
October motion for summary judgement, or copies of the exhibits attached to the motion that
included the "misplaced" requests for admissions. 

 With respect to lost documents, the Texas Supreme Court has stated that establishing 
accident or mistake does not necessarily require a party to present an affidavit from the
person who lost the papers describing how the papers were lost because, "[p]eople often do
not know where or how they lost something - that is precisely why it remains 'lost.'" Fid.
& Guar. Ins. Co. v. Drewery Constr. Co., 186 S.W.3d 571, 575 (Tex. 2006). In Drewery the
company's explanation regarding the lost documents was presented in affidavits of people
who likely could explain how the documents were lost. Id. at 576. But in this case, Cedyco's
explanation was presented only by a verified motion. Because the trial court denied
Cedyco's motion, we assume that it refused to consider Cedyco's verified pleadings as
evidence because the motion was not supported by affidavit. Pleadings are not competent
evidence, even if sworn or verified. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d
656, 660 (Tex. 1995); Hidalgo v. Surety Sav. & Loan Ass'n, 462 S.W.2d 540, 545 (Tex.
1971). Thus, unlike the party that lost the documents in Drewery, Cedyco presented no
evidence of the circumstances regarding why it did not file timely responses. 

 Under the circumstances of the present record, I would hold that Cedyco's produced
no competent evidence to prove that it had good cause for failing to timely answer
Whitehead's requests for admissions. Even if we were required to consider Cedyco's
verified pleadings as evidence, however, I would reach the same conclusion. Cedyco's
verified motion is insufficient to explain why it continued to remain ignorant of the existence
of Whitehead's requests for admissions when in October it was served with a motion for
summary judgment that attached those same requests. Finally, the trial judge could have
concluded that Cedyco's failure to explain its delay through the date of the hearing
constituted a flagrant disregard of Cedyco's discovery burden. 

 Based on this record, the trial court could reasonably conclude that Cedyco did not
have good cause to withdraw the deemed admissions. The explanations Cedyco offers are
insufficient to support a claim that the trial court abused its discretion in refusing to allow
it to withdraw its deemed admissions. 

 Subsequently, on December 27, 2006, Cedyco filed a motion for new trial. On
February 8, 2007, the date the trial court held the hearing on Cedyco's motion for new trial, 
Cedyco filed affidavits from its prior attorney of record and its president to explain why
Cedyco had failed to timely respond to Whitehead's requests for admissions. The affidavit
from Cedyco's president stated that he was unaware of any requests for admissions served
on the company's prior attorney until after they were deemed admitted. The affidavit of
Cedyco's prior attorney indicates that he attempted to send the requests by electronic
transmission to Cedyco, but was unaware that his fax machine was not working and that
Cedyco had not received them. The former attorney's affidavit further explains that upon his
receipt of Whitehead's reminder letter, he "was still unaware that my fax machine was not
working due to water damage to my fax line."

 These two affidavits do not assert that Cedyco never received Whitehead's Motion
for Summary Judgement or the exhibits attached to it, and there is further no explanation
about why Cedyco waited until the November 29 summary judgment hearing to request the
trial court's permission to file late answers to the requests. Cedyco's introduction of the
affidavits for the first time in its motion for new trial suggests that it considered these
affidavits "newly-discovered evidence" justifying a new trial. However, the information
contained in these two affidavits does not appear to have been incapable of being discovered
by the exercise of reasonable diligence. Jackson v. Van Winkle, 660 S.W.2d 807, 809 (Tex.
1983), overruled on other grounds, 121 S.W.3d 715 (Tex. 2003); Patriacca v. Frost, 98
S.W.3d 303, 307 (Tex. App.-Houston [1st Dist.] 2003, no pet.). By exercising reasonable
diligence, Cedyco could have presented the evidence in these two affidavits when it
originally filed its request for relief concerning its deemed admissions. 

 In my opinion, the trial court was not required to consider the two affidavits because
Cedyco did not present newly discovered evidence and the information contained in the
affidavits could have been presented at the summary judgment hearing. Moreover, the
explanations about Cedyco's failure to answer the requests, even if considered, are
insufficient to show that it had good cause through November 29 to file late responses to the
discovery requests. Cedyco was served with the motion for summary judgment in early
October that contained the "misplaced" requests. Under these circumstances, I would hold
that Cedyco did not meet its burden of showing that the trial court acted arbitrarily or
unreasonably by overruling its motion for new trial. 

 In conclusion, Cedyco failed to present the trial court with evidence to sustain its
burden of showing good cause for failing to respond to the requests for admissions prior to
the time the trial court granted the summary judgment. Cedyco did not present newly
discovered evidence sufficient to support its motion for new trial, and the trial court did not
err in exercising its discretion to disregard the two affidavits that Cedyco first presented
during the motion for new trial hearing. Even were those two affidavits to be considered,
they are insufficient to show that the trial court abused its discretion in ruling that Cedyco
did not have good cause to justify its failure to file its responses. Because Cedyco failed to
show that the trial court abused its discretion in denying these two motions, I would sustain
the trial court's judgment. Because the majority reverses and grants a new trial, I dissent.


 _____________________________

 HOLLIS HORTON

 Justice


Dissent Delivered

May 1, 2008