NUMBER 13-09-00028-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JANICE PETREE, Appellant,


v.


SOUTHERN FARM BUREAU

CASUALTY INSURANCE COMPANY, 

ALLSTATE INSURANCE COMPANY

AND ALLSTATE INDEMNITY COMPANY, Appellees.

 




On appeal from the 267th District Court


of Victoria County, Texas.


 




O P I N I O N



Before Justices Yañez, Benavides, and Vela


Opinion by Justice Benavides


 Appellant, Janice Petree, appeals from the trial court's granting of summary
judgment in favor of appellees, Allstate Indemnity Company (1) ("Allstate") and Southern
Farm Bureau Casualty Insurance Company ("Southern Farm Bureau") (collectively, the
"Appellees"). Petree asserts that (1) her due process rights were denied when the trial
court granted summary judgment based on deemed admissions when she was never
served with the request for admissions; and (2) the trial court erred by not granting Petree's
motion for new trial because there was no competent summary judgment proof supporting
the appellees' motions for summary judgment. We reverse and remand.

I. Background (2)

 On August 21, 2002, Petree was traveling on U.S. highway 59 in Victoria County,
Texas, when she was rear-ended by another driver. Petree was driving a vehicle owned
by Jay Williams and insured by Allstate. On August 18, 2006, Petree sued Allstate
Insurance Company and Southern Farm Bureau for breach of contract for refusing to pay
underinsured motorist ("UIM") benefits. On April 4, 2007, Petree added Allstate Indemnity
Company as an additional defendant. On May 6, 2008, Petree's counsel filed a motion to
withdraw and a motion for continuance. On May 19, 2008, the trial court granted Petree's
counsel's motion to withdraw and for continuance and noted that Petree's last known
address was: "c/o Mr. Jay Williams, 3308 Coletoville Road, Victoria, Texas 77905." On
May 27, 2008, in a letter dated May 22, 2008, Allstate sent to Petree, via certified mail, its
request for admissions. (3) The request for admissions asked the following three questions:

 Do you admit or deny that the motor vehicle accident that occurred on
August 21, 2002 between you and James Smith of [sic] which forms the
basis of this lawsuit was 100% proximately caused by your negligence[?]

 

 Do you admit or deny that you suffered no injuries as a result of the motor
vehicle accident that occurred on August 21, 2008 between you and James
Smith[?]

 

 Do you admit or deny that you have no valid claim against Allstate Insurance
Company and/or Allstate Indemnity Company under its insured, Jay
Williams'[,] Underinsured Motorist coverage of his policy? (4)

 

 On August 14, 2008, Allstate filed its motion for summary judgment based on
Petree's failure to respond to its request for admissions, asserting that the admissions were
deemed admitted and arguing that Petree was therefore unable to prove the requisites of
her underlying UIM claim. On August 20, 2008, Southern Farm Bureau filed its motion for
summary judgment making the same assertions as Allstate and relying on the deemed
admissions to Allstate's request for admissions. On September 19, 2008, the trial court
held a hearing on both motions for summary judgment. Petree, unrepresented since her
counsel's withdrawal on May 19, 2008, attended the hearing pro se. The trial court granted
both motions for summary judgment. Petree hired counsel, who filed a motion for new trial,
which, after a hearing, was overruled by operation of law. See Tex. R. Civ. P. 329b. This
appeal ensued.

II. Waiver

 Before we discuss Petree's appellate issues, we must address the appellees'
contention that Petree waived her right to complain about the deemed admissions because
she learned of her failure to respond prior to judgment and had other avenues of relief
available, such as filing a motion to withdraw the deemed admissions. See Unifund CCR
Partners v. Weaver, 262 S.W.3d 796, 798 (Tex. 2008) (per curiam). We disagree.

 In Unifund, Unifund CCR Partners ("Unifund") sued Weaver to recover an unpaid
debt. Id. at 797. Unifund attached requests for disclosure and admissions to its citation. 
Id. Weaver, proceeding pro se, filed an answer with his responses to the requests
attached. Id. Although the face of Weaver's response indicated that he sent a copy to
Unifund's attorney, and Weaver's signature follows the text, "CERTIFICATE OF
SERVICE," Unifund's attorney filed an affidavit with his motion for summary judgment
declaring that he never received the response. Id.; see Tex. R. Civ. P. 21a, 198.2; Cliff v.
Huggins, 724 S.W.2d 778, 780 (Tex. 1987) (noting that "[r]ule 21a sets up a presumption
that when notice of trial setting properly addressed and postage prepaid is mailed, that the
notice was duly received by the addressee. This presumption may be rebutted by an offer
of proof of nonreceipt.") (citations omitted)). Unifund claimed that it was entitled to
summary judgment because "the facts set out in its requests for admissions were
automatically admitted when Weaver failed to timely serve his responses." Unifund, 262
S.W.3d at 797 (citing Tex. R. Civ. P. 198.2(c)). The trial court granted Unifund's motion for
summary judgment. Id.

 Weaver did not file a motion for new trial, and the first time he asserted that his
responses were timely served was in his brief to the Waco Court of Appeals. Id. The
Waco Court of Appeals reversed "because Weaver's responses to Unifund's request for
admissions were on file when the summary judgment motion was granted." Id.; see Tex.
R. Civ. P. 166a(c) (stating that discovery responses set forth in the motion for summary
judgment, along with the parties' admissions that are on file with the court at the time of the
summary judgment hearing, is competent summary judgment evidence); R.I.O. Systems,
Inc. v. Union Carbide Corp., 780 S.W.2d 489, 492 (Tex. App.-Corpus Christi 1989, writ
denied) ("While the better practice is to attach all summary judgment evidence to the
motion presented to the court, the rule itself states that the trial court shall consider all
summary judgment evidence 'on file.'"). The supreme court affirmed, stating, "[E]ven if we
broadly construe Weaver's post-judgment filing, Weaver waived his right to challenge the
deemed admissions." Unifund, 262 S.W.3d at 798. 

 The supreme court distinguished Unifund from Wheeler v. Green, 157 S.W.3d 439
(Tex. 2005) (per curiam), wherein a pro se appellant was permitted to raise, in a motion for
new trial, the timeliness of her responses to requests for admissions, which were untimely
filed and deemed admitted. See Unifund, 262 S.W.3d at 798. The supreme court noted
that, in contrast to Wheeler, "even if we construe Weaver's post-judgment filing as a motion
for new trial, Unifund's motion for summary judgment put him on notice of the deficiency
of his response: that Unifund never received the response because Weaver had not
served, or attempted to serve, the response on Unifund." Id.

 We believe, however, that the present case is similar to Wheeler. 157 S.W.3d at
442. In Wheeler, sixty-four requests for admissions were deemed admitted because
Wheeler, proceeding pro se, filed her response two days late due to a mistake regarding
the "mailbox rule": Wheeler did not realize that the mailbox rule starts the clock running
for her to respond to the requests on the day the requests are properly placed in the mail. 
Id. at 441; see Tex. R. Civ. P. 21a. Summary judgment was entered for Green based on
the deemed admissions. Wheeler, 157 S.W.3d at 441. Green attached the requests for
admission to his motion for summary judgment. Id. In his motion for summary judgment,
"Green argued [that] Wheeler admitted every element of [Green's] claims against her by
failing to timely respond to the requests for admission and, therefore, he was entitled to
judgment as a matter of law." Wheeler v. Green, 119 S.W.3d 887, 889 (Tex. App.-Dallas
2003), rev'd, 157 S.W.3d at 444. Wheeler did not file a response or a motion to withdraw
the deemed admissions, though she did attend both summary judgment hearings. 
Wheeler, 157 S.W.3d at 441; see Tex. R. Civ. P. 198.3 (providing for the amendment or
withdrawal of deemed admissions upon a showing of good cause, no undue prejudice, and
that the "merits of the action will be subserved by permitting the party to amend or withdraw
the admission"). 

 Subsequent to summary judgment, Wheeler hired an attorney and filed a motion for
new trial, arguing that the responses were timely filed and attaching copies of the
responses. Wheeler, 157 S.W.3d at 442. Addressing the waiver issue, the supreme court
held that Wheeler's motion for new trial was sufficient to raise her complaints because
"nothing in this record suggests that before summary judgment was granted, [Wheeler]
realized that her responses were late, that she needed to move to withdraw deemed
admissions, or that she needed to file a response to the summary judgment raising either
argument." Id.

 Here, Petree, proceeding pro se, did not file or serve a response to Allstate's
request for admissions. The appellees filed motions for summary judgment based on the
deemed admissions, which the trial court granted. Allstate attached an affidavit from its
trial counsel to its motion for summary judgment stating, in pertinent part, that more than
thirty-three days had passed since its requests for admissions were sent to Petree and that
no response had been received. Following the granting of summary judgment, Petree
hired an attorney who filed a motion for new trial asserting that Petree had never received
the requests for admissions. Petree asked the trial court to grant a new trial and to "either
order [appellees] to re-serve their requests for admissions upon [her counsel] or allow
[Petree] to file a motion to undeem the admissions." As in Wheeler, "the arguments and
requests in [Petree's] motion for new trial were sufficient to put the trial court on notice of
exactly" her complaint. Id. (citing Tex. R. App. P. 33.1). We conclude that Petree was
entitled to raise her complaints in her motion for new trial because nothing in the record
suggests that before summary judgment was granted, Petree realized that she needed to
move to withdraw deemed admissions or that she needed to file a response to the
appellees' motions for summary judgment and raise the lack of service argument therein. 
See id. 

III. Standard of Review

 We review de novo the trial court's granting of the appellees' traditional motions for
summary judgment. See Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex.
2005); see also Garcia v. Corpus Christi Civil Serv. Bd., No. 13-07-00585-CV, 2009 WL
2058892, at *3 (Tex. App.-Corpus Christi July 16, 2009, no pet.) (mem. op.). "The
nonmovant has no burden to respond to a summary judgment motion unless the movant
conclusively establishes its cause of action or defense." Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 222-23 (Tex. 1999). When the movant's summary judgment proof is legally
insufficient, "[t]he trial court may not grant summary judgment by default because the
nonmovant did not respond to the summary judgment motion." Id. at 223. "The movant
must establish its right to summary judgment on the issues expressly presented to the trial
court by conclusively proving all elements of the movant's cause of action or defense as
a matter of law." Id.

IV. Discussion

 From our reading of the record, it appears that, while Petree's claim sounded in
breach of contract, the appellees' motions for summary judgment asserted that they were
not negligent. However, because the appellees argued in their motions for summary
judgment that Petree admitted, through the deemed admissions, that she was 100% liable
for the underlying accident and that she suffered no injuries from the accident, we construe
appellees' motions as an attack on the elements of Petree's breach of contract claim based
on the appellees' denial to pay UIM benefits to Petree. See Brainard v. Trinity Univ. Ins.
Co., 216 S.W.3d 809, 818 (Tex. 2006) ("UIM insurance utilizes tort law to determine
coverage . . . [and] the insurer's contractual obligation to pay benefits does not arise until
liability and damages are determined.") (citing Henson v. S. Farm Bureau Cas. Ins. Co.,
17 S.W.3d 652, 654 (Tex. 2000)). To have a claim for UIM benefits, Petree must have
obtained a judgment or settlement "establishing the negligence and underinsured status
of the other motorist." Id. Therefore, to prevail on summary judgment, the appellees must
have conclusively proven that the other driver was not negligent and not underinsured, (5)
which they attempt to do utilizing the deemed admissions. Id.; see Rhone-Poulenc, Inc.,
997 S.W.2d at 223.

 Allstate's requests for admissions asked three questions:


 Do you admit or deny that the motor vehicle accident that occurred on
August 21, 2002 between you and James Smith of [sic] which forms the
basis of this lawsuit was 100% proximately caused by your negligence[?]

 

 Do you admit or deny that you suffered no injuries as a result of the motor
vehicle accident that occurred on August 21, 2008 between you and James
Smith[?]

 

 Do you admit or deny that you have no valid claim against Allstate Insurance
Company and/or Allstate Indemnity Company under its insured, Jay
Williams'[,] Underinsured Motorist coverage of his policy?


Because Petree did not timely serve responses to the requests, they were deemed
admitted. See Tex. R. Civ. P. 198.2(c). 

 In their motions for summary judgment, the appellees rely on deemed admissions
to the first two questions: (1) that Petree's negligence was 100% the proximate cause of
the accident; and (2) that Petree incurred no injuries as a result of the accident. These two
admissions defeat the prerequisite to a UIM claim: that she was damaged by the other
driver's negligence. See Brainard , 216 S.W.3d at 818. Thus, the appellees argued to the
trial court that they were entitled to summary judgment on Petree's breach of contract claim
against them. 

 In Petree's first issue, she argues that the trial court denied her due process by
granting the appellees' motions for summary judgment based on the deemed admissions,
particularly when she did not receive the requests in the first place. The appellees respond
that because Petree received all of the process that was due her, summary judgment was
proper. We agree with Petree.

 When the non-movant has not engaged in "flagrant bad faith or callous disregard
for the rules," summary judgment is improper when the only evidence presented by the
movant is in the form of merits-preclusive deemed admissions. Cedyco Corp. v.
Whitehead, 253 S.W.3d 877, 881 (Tex. App.-Beaumont 2008, pet. denied); Wheeler, 157
S.W.3d at 443. This is so because "absent flagrant bad faith or callous disregard for the
rules, due process bars merits-preclusive sanctions . . . ." Wheeler, 157 S.W.3d at 443
(noting that, for due process purposes, merits-preclusive deemed admissions are the
equivalent of merits-preclusive discovery sanctions); see Whitehead, 253 S.W.3d at 881
(holding that deemed admissions on pure questions of law are improper summary
judgment evidence); Boulet v. State, 189 S.W.3d 833, 838 (Tex. App.-Houston [1st Dist.]
2006, no pet.) (declaring that summary judgment in a forfeiture action may not be
sustained on deemed admissions embracing the "fundamental legal issues to be tried").

 When requests for admissions are used as intended[--]addressing
uncontroverted matters or evidentiary ones like the authenticity or
admissibility of documents[--]deeming admissions by default is unlikely to
compromise presentation of the merits. But when a party uses deemed
admissions to try to preclude presentation of the merits of a case, the same
due-process concerns arise [as in merits-preclusive discovery sanction
cases].


Wheeler, 157 S.W.3d at 443 (citations omitted).

 Here, the deemed admissions were on the prerequisite fundamental issue to be
tried: liability for and damages arising from the underlying accident. See Brainard, 216
S.W.3d at 818; Boulet, 189 S.W.3d at 838. A deemed admission that Petree was 100%
the proximate cause of the accident defeats her negligence claim against the other driver
as a matter of law. See Tex. Civ. Prac. & Rem. Code Ann. §§ 33.001-.002 (Vernon 2008). 
Additionally, a deemed admission that Petree incurred no injuries as a result of the
accident defeats her claims for damages against the other driver. See Van Horn v.
Chambers, 970 S.W.2d 542, 544 (Tex. 1998) (setting forth the elements of a negligence
cause of action). Under the record before us, we find no evidence of flagrant bad faith or
callous disregard for the rules on Petree's part. See Wheeler, 157 S.W.3d at 443-44. 
There is no evidence that the appellees would be unable to prepare for a trial on the merits
if Petree's admissions were withdrawn or would suffer undue prejudice. See id. & n.2; Tex.
R. Civ. P. 198.3 (noting the standard for withdrawing deemed admissions requires a
showing of good cause for the withdrawal, lack of undue prejudice, and that the merits of
the action will be subserved by permitting the withdrawal). We conclude that, on this
record, the trial court erred in granting summary judgment, and we sustain Petree's first
issue. (6)

V. Conclusion

 Having sustained Petree's first issue, we reverse the judgment of the trial court and
remand for further proceedings consistent with this opinion.



 _______________________________

 GINA M. BENAVIDES,

 Justice

 

Delivered and filed the

24th day of June, 2010.

1. The style of the case lists two Allstate companies as defendants: Allstate Insurance Company and
Allstate Indemnity Company. In its motion for summary judgment, Allstate referred to itself by both names
without distinguishing between the two. The trial court granted "Defendant Allstate Indemnity Company's
Motion for Summary Judgment" and then dismissed Petree's "claims against Defendant Allstate Insurance
Company." No party on appeal differentiates between the two companies, so we will treat them as one for 
purposes of this appeal.
2. The facts underlying this case are not disputed.
3. The summary judgment record does not contain a "green card" indicating receipt of the request for
admissions. Allstate's request for admissions contains a certificate of service stating that the request was
sent to Petree. The record also contains a print-out from the United States Postal Service website which
demonstrates that a package with the same tracking label as the one attached to the request for admissions
was delivered in Victoria, Texas but to a different zip code than the one associated with Petree's last known
address on file with the trial court.
4. During oral argument, this Court strenuously admonished counsel for the appellees regarding the
use of such requests for admissions. See Stelly v. Papania, 927 S.W.2d 620, 622 (Tex. 1996) (noting that
the primary, intended purpose of requests for admissions is to "'simplify trials by eliminating matters about
which there is no real controversy, but which may be difficult or expensive to prove. [They were] never
intended to be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or
ground of defense.'") (quoting Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206, 208 (1950)). 

 
5. No party contends that the other driver was not underinsured.
6. Because we sustain Petree's first issue, we need not address her second issue. See Tex. R. App.
P. 47.1.