Jordan MASWOSWE, Appellant,

v.

Gerald Joseph NELSON, Jr. and
Jason Apodaca, Appellees.

No. 09–09–00471–CV.

Court of Appeals of Texas,
Beaumont.

Submitted Aug. 5, 2010.

Decided Dec. 2, 2010.

Joe Michael Dodson, Dodson Law Office, P.C., Beaumont, for appellant.

Christopher Portner, Reaud, Morgan & Quinn, LLP, Beaumont, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant Jordan Maswoswe appeals the summary judgment in favor of appellees Gerald Joseph, Jr. and Jason Apodaca. Maswoswe argues in part that the trial court improperly granted summary judgment on unpled causes of action, and the summary judgment evidence was insufficient to support the judgment. We reverse the judgment of the trial court and remand the case for further proceedings.

In December 2008, Nelson and Apodaca obtained an ownership interest in the Southeast Texas Mustangs Professional Basketball Franchise (hereinafter, the "Mustangs"). Specifically, Nelson obtained a twenty-five percent interest in the team, and Apodaca obtained a five-percent interest in the team. Jordan Maswoswe, defendant in the underlying suit, retained a seventy-percent ownership interest in the team.

## THE LAWSUIT

On February 3, 2009, Nelson and Apodaca filed suit against Maswoswe. They asserted a breach of contract claim against Maswoswe, and alleged the following:

Plaintiff Gerald Joseph Nelson, Jr .... contracted with [Maswoswe] to be an owner in the Southeast Texas Mustangs Professional Basketball Franchise.... Plaintiff Jason Apodaca ... also contracted with [Maswoswe] to be an owner of the Mustangs. Eventually, [Maswoswe] sold a substantial interest in the Mustangs to Plaintiffs and agreed to sell his remaining interest in the Mustangs to Plaintiff Nelson. Now [Maswoswe] has breached the contract and refused to sell his remaining interest in the Mustangs to Plaintiff Nelson.

Money damages for the violation of Plaintiff Nelson's rights under the contract would be [an] inadequate remedy because of the unique nature of the property in question, namely ownership of the Mustangs. The only adequate remedy for the violation of Plaintiff Nelson's rights would be to compel [Maswoswe] to specifically perform the agreement between Plaintiff Nelson and

[Maswoswe] described above. Plaintiff Nelson has performed all terms, covenants and conditions under the contract. Additionally, plaintiffs sought actual damages for breach of contract. Additionally, through their unsworn pleading, plaintiffs sought an ex parte temporary restraining order and injunction to prevent Maswoswe from

(i) terminating the coach of the Mustangs ...,

(ii) terminating any of the assistant coaches of the Mustangs,

(iii) entering into, modifying, and/or terminating any contract involving and/or on behalf of the Plaintiffs and/or the Mustangs, "including any agreement and/or contract with SMG d/b/a Ford Park Event Center[,]"

(iv) entering into, modifying, and/or terminating any other contract or other agreement between the Mustangs and the American Basketball Association,

(v) taking any action to impair and/or damage the Plaintiffs' and/or the Mustang[s'] relationship with the American Basketball Association; and/or

(vi) transferring any of his ownership interest in the Mustangs to anyone other than Plaintiffs[.] ...

The same day the plaintiffs' petition was filed, the trial court granted plaintiffs' request for an ex parte temporary restraining order and set a hearing on the motion for temporary injunction. Shortly thereafter, the parties entered an agreed temporary injunction, which prohibited Maswoswe from taking any of the above referenced actions.

Maswoswe retained counsel and filed a general denial. In March 2009, Maswoswe's counsel filed a motion to withdraw as attorney of record. The trial court granted counsel's motion to withdraw on May 4, 2009. Plaintiffs served requests for admissions upon Maswoswe on or about May 11, 2009. Maswoswe, who was not represented by counsel at the time, did not respond to the requests for admissions.

## THE MOTION FOR SUMMARY JUDGMENT

In June 2009, plaintiffs filed a motion for summary judgment based solely on deemed admissions. The motion for summary judgment stated in pertinent part:

Plaintiffs entered into a Partnership Agreement with Defendant regarding the Southeast Texas Mustangs, an ABA Professional Basketball Franchise, (the "Agreement."). A copy of the Agreement is attached hereto as Exhibit "A" and is incorporated by reference. Plaintiffs performed all of their obligations pursuant to the Agreement. Defendant has breached the Agreement. Furthermore, Defendant never intended to honor the terms of the Agreement and fraudulently induced Plaintiffs to enter in[to] the Agreement.

Exhibit "A" attached to plaintiffs' motion for summary judgment was a one-page document entitled "Letter of Ownership Partnership." The Letter of Ownership was signed in December 2008 by all three parties, and stated in its entirety as follows:

This letter states that *Mr. Jason W. Apodaca* will purchase 5% in the Southeast Texas Mustangs by paying $15,000.00 by December 2008 and $15,000.00 in January 2009 for a total investment of $30,000.00. Mr. Apodaca will also head up the Sales & Marketing of the SETX Mustangs. Mr. Apodaca is interested in increasing his interest in team ownership at a later time upon agreement with Ownership Partners *Mr. Jerry Nelson, Jr.* (25% ownership) and *Dr. Jordan J. Maswoswe* (70% ownership). Upon the finalization of this

agreement Mr. Apodaca will begin immediately with his Sales and Marketing efforts for the Mustangs. He is committed to making the SETX Mustangs a highly successful Professional Sports Franchise in Beaumont, TX and in the Golden Triangle Area.

In their motion for summary judgment, plaintiffs asserted that they had served Maswoswe with requests for admissions and Maswoswe had failed to respond. Pursuant to Rule 198.2(c) of the Texas Rules of Civil Procedure, and in support of their motion for summary judgment, plaintiffs set forth the following deemed admissions:

(1) That Defendant entered into a Partnership Agreement with Gerald Nelson, Jr. and Jason Apodaca regarding the Southeast Texas Mustangs, an ABA Professional Basketball Franchise.

(2) That the Partnership Agreement states that Defendant, Gerald Nelson, Jr. and Jason Apodaca were the owners of the Southeast Texas Mustangs, an ABA Professional Basketball Franchise.

(3) That Gerald Nelson, Jr. performed all of his obligations pursuant to the Partnership Agreement.

(4) That Jason Apodaca performed all of his obligations pursuant to the Partnership Agreement.

(5) That Defendant breached the Partnership Agreement.

(6) That Defendant's breach of the Partnership Agreement proximately caused damages to Gerald Nelson, Jr. in the amount of $1,000,000.00 or more.

(7) That Defendant's breach of the Partnership Agreement proximately caused damages to Jason Apodaca in the amount of $1,000,000.00 or more.

(8) That Defendant fraudulently induced Gerald Nelson, Jr. to execute the Partnership Agreement.

(9) That Defendant fraudulently induced Jason Apodaca to execute the Partnership Agreement.

(10) That Defendant never intended to honor the terms of the Partnership Agreement

(11) That Defendant made false statements to Gerald Nelson, Jr. to induce him to execute the Partnership Agreement.

(12) That Defendant made false statements to Jason Apodaca to induce him to execute the Partnership Agreement.

(13) That Defendant's false statements were the reason that Gerald Nelson, Jr. executed the Partnership Agreement.

(14) That Defendant's false statements were the reason that Jason Apodaca executed the Partnership Agreement.

(15) That Gerald Nelson, Jr. relied upon Defendant's false statements when Gerald Nelson, Jr. executed the Partnership Agreement.

(16) That Jason Apodaca relied upon Defendant's false statements when Jason Apodaca executed the Partnership Agreement.

(17) That Defendant's net worth is in excess of $1,000,000.

(18) That Defendant's conduct towards Gerald Nelson, Jr. regarding the Partnership Agreement resulted from Malice.

(19) That Defendant's conduct towards Jason Apodaca regarding the Partnership Agreement resulted from Malice.

(20) That $1,000,000 or more should be assessed against Defendant and awarded to Gerald Nelson, Jr. as exemplary damages as a result of Defendant's conduct regarding the Partnership Agreement.

(21) That $1,000,000 or more should be assessed against Defendant and awarded to Jason Apodaca as exemplary dam-

ages as a result of Defendant's conduct regarding the Partnership Agreement. (22) That $1,000,000 or more should be assessed against Defendant and awarded to Gerald Nelson, Jr. as exemplary damages as a result of Defendant's malicious· conduct regarding the Partnership Agreement. (23) That $1,000,000 or more should be assessed against Defendant and awarded to Jason Apodaca as exemplary damages as a result of Defendant's malicious conduct regarding the Partnership Agreement.

Plaintiffs sought damages for breach of contract, as well as punitive damages for fraud in the inducement, in the amount of four million dollars.

Maswoswe, who was still without counsel, did not respond to plaintiffs' motion for summary judgment. The trial court granted the motion for summary judgment and awarded one million dollars to each plaintiff for "breach of contract" and an additional one million dollars to each plaintiff "in punitive damages for fraud[,]" for a total of four million dollars in damages against Maswoswe. Following the trial court's entry of the order granting summary judgment, Maswoswe timely filed a motion for new trial, together with a motion to withdraw the deemed admissions. Both motions were denied by the trial court. Maswoswe filed a motion for reconsideration. This appeal followed.

In five issues, Maswoswe asserts the following errors: (1) the trial court granted a summary judgment that failed to conform to the pleadings, (2) the trial court wrongfully denied Maswoswe's motion for the withdrawal of deemed admissions, (3) the evidence was insufficient to support the summary judgment, (4) the trial court entered summary judgment for unliquidated and exemplary damages, and (5) the judgment is so out of proportion and con-trary to the law that it violates Maswoswe's right to due process.

## JUDGMENT MUST CONFORM TO THE PLEADINGS

■ In issue one, Maswoswe argues that the judgment was improper because it was granted on claims not raised in plaintiffs' original petition. In their motion for summary judgment, plaintiffs argued that the deemed admissions established as a matter of law that Maswoswe breached a partnership agreement between the parties and that the breach proximately caused each plaintiff to suffer damages in the amount of one million dollars. Plaintiffs further argued that the deemed admissions established the elements of fraud as a matter of law and that damages in. the amount of one million dollars or more should be awarded in favor of each plaintiff "as exemplary damages as a result of [Maswoswe's] conduct regarding the Partnership Agreement."

Maswoswe contends that summary judgment on causes of action for breach of the alleged partnership agreement and fraud was improper because plaintiffs' petition sought only specific performance of Maswoswe's alleged agreement to sell his remaining interest in the Mustangs to Nelson, actual damages for breach of that agreement, and injunctive relief. Maswoswe argues that plaintiffs did not assert any allegations of fraud, false statements or misrepresentations in plaintiffs' original petition, nor did they allege malice or seek exemplary damages. Further, plaintiffs' original petition made no allegations of breach of a partnership agreement.

■ " 'A court's jurisdiction to render judgment is invoked by the pleadings, and a judgment unsupported by pleadings is void.' " *In re S.A.A.,* 279 S.W.3d 853, 856 (Tex.App.-Dallas 2009, no pet.) (quoting *Ex*

*parte Fleming,* 532 S.W.2d 122, 123 (Tex. Civ.App.-Dallas 1975, no writ)). Therefore, a trial court's judgment must conform to the pleadings. Tex.R. Civ. P. 301. "A plaintiff may not be granted a favorable judgment on an unpled cause of action, absent trial by consent." *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co.,* 223 S.W.3d 1, 18 (Tex.App.-El Paso 2005, pet. denied) (citing *Oil Field Haulers Ass'n v. R.R. Comm'n,* 381 S.W.2d 183, 191 (Tex. 1964)); *see also Hartford Fire Ins. Co. v. C. Springs 300, Ltd.,* 287 S.W.3d 771, 779 (Tex.App.-Houston [1st Dist.] 2009, pet. denied) ("A trial court cannot enter judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent."); *Huddleston v. Pace,* 790 S.W.2d 47, 50 (Tex.App.-San Antonio 1990, writ denied) ("A party must recover on the right in which he sues and upon proof of the facts stated in his pleadings, and he cannot recover through a right not asserted."). "Absent trial by consent, judgment on an unpled action is void." *In re S.A.A.,* 279 S.W.3d at 856 (citing *Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979)); *see also Webb v. Glenbrook Owners Ass'n,* 298 S.W.3d 374, 380 (Tex.App.-Dallas 2009, no pet.).

 A plaintiff's petition must give adequate notice of the facts upon which the plaintiff bases his cause of action. *See Horizon/CMS Healthcare Corp. v. Auld,* 34 S.W.3d 887, 897 (Tex.2000). The purpose of this rule is to provide the defendant with sufficient information to allow him to prepare a defense. *Id.* A reviewing court should liberally construe the plaintiff's petition to assert any claim that could reasonably be inferred from the specific language in the petition. *Moneyhon v. Moneyhon,* 278 S.W.3d 874, 878 (Tex.App.-Houston [14th Dist.] 2009, no pet.). However, "a reviewing court cannot use a liberal construction of the petition as a license to read into the petition a claim that it does not contain." *Id.; see also* Tex.R. Civ. P. 47; *see generally Krull v. Somoza,* 879 S.W.2d 320, 322 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (holding that a request for damages contained in a motion for summary judgment did not meet the pleading requirement).

Nelson and Apodaca argue that their petition "is clearly sufficient to support [their] claim for damages for breach of contract." Significantly, they do not argue on appeal that their petition supports their claim for fraud. The only cause of action alleged in the original petition is a cause of action for breach of an alleged agreement by Maswoswe to sell his remaining ownership interest in the Mustangs to Nelson. However, plaintiffs' motion for summary judgment does not address the alleged agreement by Maswoswe to sell his remaining interest in the Mustangs to Nelson. Instead, the motion for summary judgment alleges that the parties entered into a partnership agreement, referencing that which is attached to the motion as an exhibit, and that breach of the partnership agreement is established solely by the deemed admissions. The "Letter of Ownership Partnership," attached and incorporated into the motion for summary judgment as the purported "Agreement," does not contain any language of an obligation by Maswoswe to sell his remaining interest in the team to Nelson, nor does it contain any language of an obligation of Maswoswe to Apodaca beyond the recitation of Apodaca's initial stock ownership interest in the team. We conclude that plaintiffs' petition cannot be read to allege causes of action for either breach of a partnership agreement or fraud.

## TRIAL BY CONSENT

██ Plaintiffs argue that even if the summary judgment did not conform to the

pleadings, the breach of partnership and fraud claims were tried by consent. The doctrine of trial by consent only applies when the issue is developed under circumstances indicating both parties understood the issue was in the case, and the other party failed to make the appropriate complaint. *Case Corp. v. Hi–Class Bus. Sys. of Am. Inc.*, 184 S.W.3d 760, 771 (Tex. App.-Dallas 2005, pet. denied). The First Court of Appeals explained the application of the doctrine as follows:

> Trial by consent is intended to cover the exceptional case in which it clearly appears from the record, as a whole, that the parties tried the unpleaded issue. It is not intended to establish a general rule of practice and should be applied with care, and never in a doubtful situation. Trial by implied consent 'applies only where it appears from the record that the issue was actually tried, although not pleaded.' To determine whether the issue was tried by consent, the court must examine the record not for evidence of the issue, but rather for evidence of trial of the issue. When evidence relevant to both a pleaded and unpleaded issue has been admitted without objection, the doctrine of trial by consent should not be applied unless clearly warranted.

*Greene v. Young,* 174 S.W.3d 291, 301 (Tex.App.-Houston [1st Dist.] 2005, pet. denied) (citations omitted); *see generally* TEX.R. CIV. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.").

Citing *Goodyear Tire and Rubber Co. v. Mayes,* 236 S.W.3d 754 (Tex.2007) and *Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492 (Tex.1991), Nelson and Apodaca contend that parties may try an issue by consent in a summary judgment pro-

ceeding. However, this case is distinguishable from both *Goodyear* and *Roark* because Maswoswe did not respond to the motion for summary judgment; therefore, the unpled issues were never "tried." In *Roark,* the Supreme Court held that "an unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment." *Roark,* 813 S.W.2d at 494. However, in *Roark,* the plaintiff responded to defendant's motion for summary judgment and presented argument at the hearing on the motion. *Id.* Roark argued that the evidence did not conclusively establish the defense. *Id.* Roark did not raise defendant's lack of pleading in its written response, at the hearing, or at any time before summary judgment was rendered. *Id.* The trial court noted, "[t]he party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal." *Id.* at 495. Likewise, in *Goodyear,* there is nothing to suggest that the nonmoving plaintiff in that case did not respond to the defendant's motion for summary judgment. *See Goodyear,* 236 S.W.3d at 756 n. 1, 757 (The Court noted that while the plaintiff's pleadings did not specifically include a claim for negligent entrustment, plaintiff did not object to defendant's characterization of his claims, and the plaintiff argued before the appellate court that a fact issue existed with regard to negligent entrustment.)

Some courts have concluded that "there can be no trial by consent on issues decided by default judgment." *In re J.A.A.,* No. 13–07–413–CV, 2008 WL 384250, at *1 (Tex.App.-Corpus Christi 2008, no pet.) (mem. op.) (citing *Westchester Fire Ins.*

*Co. v. Nuckols,* 666 S.W.2d 372, 375 (Tex. App.-Eastland 1984, writ ref'd n.r.e.)); *see also Facundo v. Solis,* No. 03–05–00059–CV, 2006 WL 66467, at *5 n. 1 (Tex.App.-Austin 2006, no pet.) (mem. op.) (recognizing that there is no possibility of trial by consent in cases involving default judgments). Similarly, because Maswoswe did not respond to the motion for summary judgment, or otherwise participate in the summary judgment proceedings, there is no evidence of trial by consent of the unpled issues. *See Greene,* 174 S.W.3d at 301. On the record before us, we cannot conclude that this is one of the exceptional cases in which the issues can be deemed to have been tried by implied consent. *See In re S.A.A.,* 279 S.W.3d at 856; *Moneyhon,* 278 S.W.3d at 879. We sustain issue one.

## INSUFFICIENT EVIDENCE TO SUPPORT THE JUDGMENT

 In his third issue, Maswoswe argues that the evidence was insufficient to support the summary judgment. Plaintiffs relied solely upon deemed admissions to support their motion for summary judgment and did not file any affidavits in support of the motion. While considering without finding that the issues of breach of partnership agreement and fraud were tried by consent, we find the deemed admissions insufficient to support summary judgment on those claims. *See Cedyco Corp. v. Whitehead,* 253 S.W.3d 877, 879–81 (Tex.App.-Beaumont 2008, pet. denied). In *Cedyco* we explained that a party moving for summary judgment must conclusively establish the elements of its cause of action even when the summary judgment is based on deemed admissions. We stated:

'The function of summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable de-

fenses.' A plaintiff is entitled to summary judgment on a cause of action only if he conclusively proves all essential elements of his claim as a matter of law.... When the movant's summary judgment proof fails to conclusively establish each element of his cause of action, the trial court may not render a summary judgment by default solely because the nonmovant did not file a summary judgment response. The movant's motion 'for summary judgment must itself expressly present the grounds upon which it is made, and must stand or fall on these grounds alone.'

. . . .

Regarding the deemed admissions, ... when a party fails to timely respond to request for admissions, the matters therein are deemed admitted. Admissions of *fact* on file at the time of a summary judgment hearing are proper summary judgment proof and will, therefore, support a motion for summary judgment. However, a request for admission asking a party to admit or deny a purely legal issue is improper, and a deemed admission involving a purely legal issue is of no effect. This is so because the primary purpose of requests for admissions is to simplify trials by eliminating matters about which there is no real controversy.

*Id.* at 879–80 (citations omitted); *see also Boulet v. State,* 189 S.W.3d 833, 838 (Tex. App.-Houston [1st Dist.] 2006, no pet.) ("[R]esponses to requests for admissions merely constituting admissions of law are not binding on the court and a party is not precluded from proving a fact necessary to its cause or defense.").

 In a request for admission, a party may ask another party to admit or deny issues of fact relevant to the pending action or to apply the law to relevant issues

of fact; however, a request for admission that asks a party to admit or deny a purely legal issue is improper. *See Cedyco*, 253 S.W.3d at 880–81; *see also Boulet*, 189 S.W.3d at 838; *Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries*, 844 S.W.2d 857, 858–59 (Tex.App.-Texarkana 1992, writ denied); *see generally* TEX.R. CIV. P. 198.1. The requests for admissions in this case do not address any issues of fact relevant to the claims for breach of partnership agreement or fraud, nor do they apply the law to any relevant issues of fact. For example, there is a request for admission that Maswoswe breached the partnership agreement but no request for admission of any facts as to how he purportedly committed the breach or seeking to establish the terms of the agreement allegedly breached by Maswoswe. Likewise, there are deemed admissions that Maswoswe made false statements to induce Nelson and Apodaca to execute the partnership agreement, but no admissions regarding what those false statements were or what they concerned. There are deemed admissions that Maswoswe's "conduct" toward Nelson and Apodaca regarding the partnership agreement resulted from malice. However, there are no admissions addressing what that conduct was. The deemed admissions merely set forth legal conclusions. Further, because all of the requests for admissions seek discovery of matters not relevant to any cause of action pending at the time such discovery requests were propounded, the discovery requests are outside the scope of discovery and are improper. Tex.R. Civ. P. 198.1; *see Cedyco*, 253 S.W.3d at 880. Therefore, they are not competent as summary judgment evidence, and Nelson and Apodaca have failed to conclusively prove all essential elements of their claims as a matter of law. *See Cedyco*, 253 S.W.3d at 880–81. We sustain issue three.

Because we sustain issues one and three, we need not address Maswoswe's remaining issues. We reverse the judgment of the trial court and remand this case for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.

HORTON, Justice, concurring.

HOLLIS HORTON, Justice, concurring.

I concur with the court's opinion to reverse and remand the trial court's judgment, but disagree with the court's opinion to the extent it states that the deemed admissions, due to the form of the requests, were incompetent summary judgment proof. Instead, under the circumstances in this case, the trial court erred because it failed to grant Maswoswe's motion to withdraw the deemed admissions. In my opinion, Maswoswe's motion established the grounds required for the trial court to allow admissions to be withdrawn.

A trial court is required to allow admissions to be withdrawn upon a showing of "good cause" and that no undue prejudice will result from their withdrawal. *See* Tex.R. Civ. P. 198.3. "Good cause is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex.2005). "Undue prejudice depends on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it." *Id.* at 443. Allowing Maswoswe to withdraw the admissions would not have delayed the resolution of the case, as nothing in the record suggests that a trial setting was imminent. Moreover, nothing in the record suggests that the plaintiffs were not capable of proving their damage claim with the parties' testimony concerning the damages

that Maswoswe's alleged breach had caused.

With respect to good cause, Maswoswe's motion established his receipt of the plaintiffs' requests for admissions shortly after his attorney's withdrawal and also proved he did not understand that he was required to file answers to them, nor was he aware of the consequences of failing to respond to them. This case is similar to *Wheeler*, as nothing in the record before us suggests that before summary judgment was granted, Maswoswe realized that he needed to move to withdraw the deemed admissions. *See id.* at 442. "[A]bsent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions[.]" *Id.* at 443. Due process concerns arise where admissions are used, as they were here, to attempt to preclude a party from presenting the merits of his case. *See id.*

Even though I believe the record supports a reversal of the judgment, which is the result the court reaches in the majority opinion, I disagree with the opinion to the extent it argues that the plaintiffs' requests for admissions addressed matters beyond the scope of discovery. Requests for admissions can be and in this case were used to require Maswoswe to admit propositions applying law to fact, and are proper for the reasons discussed in my dissent in *Cedyco Corp. v. Whitehead*, 253 S.W.3d at 881–84 (Horton, J., dissenting) (noting that Tex.R. Civ. P. 198.1 allows written requests that seek to require the other party to "admit the truth of any matter within the scope of discovery, including statements of opinion or of fact or of the application of law to fact"). Because the plaintiffs' requests sought applications of law to fact concerning the parties' contractual dispute, the requests were not in an improper form. Therefore, Maswoswe's admissions could be used as proper support for a motion for summary judgment, and his admissions do not constitute improper summary judgment evidence.

Nevertheless, a new trial is warranted because the trial court was required to allow Maswoswe to withdraw the deemed admissions even though he first requested to do so after the trial court had granted the plaintiffs' motion for summary judgment. *See Wheeler*, 157 S.W.3d at 442 (determining that Wheeler did not waive her arguments seeking to withdraw deemed admissions because she presented them for the first time in her motion for new trial). Thus, I agree that Maswoswe is entitled to receive a new trial, but for reasons different than those upon which the majority relies in its opinion. Therefore, I concur in the remedy only, not the court's reasoning.