**Reversed and Rendered and Memorandum Opinion filed March 11, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00695-CV

### CITY OF DEER PARK, Appellant

### V.

### LEONARD JAMES HAWKINS, Appellee

**On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 2012-15808**

## M E M O R A N D U M   O P I N I O N

The City of Deer Park appeals the trial court's order denying its plea to the jurisdiction in a lawsuit filed by appellee, Leonard James Hawkins, under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-101.109 (Vernon 2011 & Supp. 2013). We reverse the trial court's order and render judgment dismissing Hawkins's suit against the City for lack of subject matter jurisdiction.

## Background

Hawkins and his wife drove to the Deer Park Trash Transfer Station on April 16, 2011, to dispose of trash and construction debris left over from a home renovation. The City allowed its residents to dump trash on Saturdays at the Transfer Station free of charge.

According to Hawkins, a City employee instructed him to back his pickup truck and attached low-boy trailer into a particular spot at the transfer station; unload the contents of his trailer; and throw those contents into a long, open bin about 15 feet deep and several feet wide. The open bin was located below floor level and immediately behind the spot where Hawkins parked his trailer to unload the trash. The bin opening in the floor behind Hawkins's trailer was referred to during depositions as a "hole" and a "chute." Hawkins lost his balance while standing on his trailer and fell into the open bin below.

Hawkins sued the City on March 15, 2012, for personal injuries he attributed to his fall into the trash bin. Hawkins alleged in his original petition that "[a] condition on [the City]'s premises posed an unreasonable risk of harm. [The City] and its employees knew or reasonably should have known of the dangerous condition. [The City] had been given notice of the condition and failed to correct the dangerous condition."

Hawkins further alleged that the City had a duty to use ordinary care to ensure that the premises did not present a danger to him; this duty included the duty to inspect and the duty to warn or to cure. According to Hawkins, the City breached the duty of ordinary care by failing to post warnings or otherwise notify others in the general area of the dangerous condition posed by the garbage bin. Hawkins alleged that the City's breach of duty caused him injury, and his "injury resulted from [the City]'s gross negligence."

2

The City responded by filing an original answer; it asserted a general denial and several affirmative defenses on April 10, 2012. The City filed a plea to the jurisdiction on April 26, 2013, asserting that it is entitled to dismissal of Hawkins's claims because (1) Hawkins was a licensee at the time he fell into the bin; and (2) Hawkins was aware of the dangerous condition on the City's premises and thus cannot establish that the City violated any duty owed to him.

Hawkins responded to the City's plea on July 8, 2013. Hawkins argued that the trial court should deny the City's plea because (1) the City had notice of the dangerous condition at issue since January 24, 2009, when it received an e-mail from a resident who had fallen into the bin and sustained injuries; (2) the City failed to use ordinary care to warn Hawkins as a licensee, or make the dangerous condition reasonably safe of which it was aware; (3) the City's conduct also constituted willful, wanton, or grossly negligent conduct; and (4) Hawkins was unaware of the specific dangerous conditions involved.

The City filed a reply to Hawkins's response on July 10, 2013, contending that Hawkins is precluded from making any argument against the City "for negligent implementation of 'policies, procedures, and rules' for failing to keep users away from the debris hole at the trash transfer station or to require a City operator [to] transfer the debris into a hole" because Hawkins has not pleaded such a claim in his original petition.

The trial court held a hearing on July 12, 2013. The same day, the trial court signed an order denying the City's plea to the jurisdiction. The City timely filed this interlocutory appeal on July 29, 2013.[1]

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2013) (permitting interlocutory appeal from an order granting or denying government's plea to the jurisdiction).

3

## Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004). Immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex. 1999). A plea questioning the trial court's jurisdiction raises a question of law that is reviewed *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

When reviewing a ruling on a plea to the jurisdiction, we first look to the pleadings to determine if jurisdiction is proper. *See City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227.

If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action. *Kirwan*, 298 S.W.3d at 622. If the evidence creates a fact issue as to the jurisdictional issue, then it is for the factfinder to decide. *Id.* If the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* In

considering this evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.*

## Analysis

In its first issue, the City contends that the trial court erred by denying its plea to the jurisdiction in response to Hawkins's premises defect claim because it did not violate any duty to Hawkins because he was a licensee and knew of the dangerous condition of the trash bin. The City contends that Hawkins admitted the bin constituted an open and dangerous condition and he had knowledge of the condition. Therefore, the City argues it owed Hawkins "no duty to warn him of, or to make reasonably safe, the alleged dangerous condition."

Hawkins responds that (1) the City knew the dangerous condition existed on its premises; (2) he was unaware of the specific dangerous condition that existed on the City's premises; (3) the City had a duty to use ordinary care to warn of or make reasonably safe the dangerous condition it knew existed on its premises; and (4) the City breached its duty, and Hawkins was injured as a result of this breach.

Under the Texas Tort Claims Act, the government waives immunity from suit to the extent of liability under the Act. Tex. Civ. Prac. & Rem. Code Ann. § 101.025; *Kirwan*, 298 S.W.3d at 622. "The government is liable under the Act for 'personal injury and death so caused by a condition . . . of . . . real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.'" *Kirwan*, 298 S.W.3d at 622 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2)). The Act also sets the duty owed in premises liability cases: "[i]f a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." Tex. Civ.

5

Prac. & Rem. Code Ann. § 101.022(a). This duty requires that a landowner not injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *State Dep't of Highways and Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992).

Therefore, to establish liability under a premises defect theory, "a licensee must prove that: (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee." *Id.* at 237 n.2 (citing *Tennison v. State*, 509 S.W.2d 560, 561 (Tex. 1974)). Under a premises defect theory, "a licensee must prove that he did not know of the dangerous condition." *Id.* at 237.

The record establishes that Hawkins knew of the dangerous condition upon which he predicates his claim. Hawkins testified during his deposition as follows:

Q. Was there any level of footage of trash already in the bin?

A. You could see the bottom of the bin.

Q. Okay. So, there wasn't an appreciable level?

A. There was stuff in there, but —

Q. Okay. It wasn't like there was a whole layer? You could — you could see the bottom of the bin?

A. Yes.

Q. And you knew that it was 15 or so feet, whatever the footage is, because as you would throw things in there, it would go all the way?

A. Yes.

Q. You knew if you stepped over the side you were going to fall whatever distance that was down to the bottom of the bin?

A. Yes

6

Q. You knew the hole was there and from an intentional standpoint you knew not to step into the hole?

A. That's correct.

Q. Knew not to jump into the hole?

A. Yes.

Q. And that if you did, it would hurt?

A. Yes.

Q. Unless you're a gymnast and can jump 15 feet and it not hurt, it would hurt to fall into this pit?

A. Yes

*           *           *

Q. And you don't really need a delineation because you can see that the hole is there? No. I'm not talking about — I'm not talking about a barrier to prevent people from, but I'm talking about from an observation, it's open and obvious that the chute is there, correct?

A. I agree, yes.

Q. And open and obvious that if a person is going to fall into it, that they're going to get hurt? Would you agree with that?

A. Yes.

*           *           *

Q. If you stand on a riverbank and there's — there's a cliff down to the river, do you know if you step over that riverbank that you're going to fall down — you're going to fall a distance?

A. Yes.

Q. Did anybody need to tell you that?

A. No.

Q. Did anyone need to tell you that if you fell in this hole it was going to hurt?

A. No.

*           *           *

Q. In this case it's an open and obvious danger?

A. It's an open danger.

Further, Hawkins's wife, Arlene, testified during deposition as follows:

Q. And could you — as you were throwing the smaller things into the chute, could you see that it was — it was — there was a chute that's 15 feet down to the bottom and that if you fell, you were going to fall 15 feet?

A. Yes.

Q. It was open and obvious?

A. Yes.

There is no evidence contradicting Hawkins's knowledge that the trash bin constituted an open and dangerous condition.

Hawkins argues on appeal that he was "not aware of the specific dangerous condition that existed on Deer Park's premises" because he was never instructed by a City employee (1) to remain 10 to 12 feet away from the trash bin; and (2) that if he left his trash 10 to 12 feet away from the trash bin, City employees would push the trash into the bin. Even if Hawkins is correct in his assertion, it does not negate his knowledge of the danger of falling into the trash bin. There is no issue of fact and the evidence is undisputed regarding Hawkins's knowledge of the dangerous condition. Hawkins cannot establish liability under a premises defect theory because he cannot "prove that he did not know of the dangerous condition." *See id.* Contrary to Hawkins assertion, the City does not owe a duty to warn Hawkins of a dangerous condition of which he is aware. *See id.*

In its second issue, the City argues that it is not liable to Hawkins for gross negligence because his knowledge of the dangerous condition at issue "bars liability, and there is no fact issue as to whether the City's conduct was grossly negligent." Hawkins responds that "a fact issue remains regarding whether [the City] was grossly negligent in its conduct of failing to warn Hawkins of, or make

8

reasonably safe—despite its actual, admitted knowledge—the dangerous condition that existed on its premises;" Hawkins cites to *Payne* to support his assertion.

As discussed above, in a claim based upon a premises defect a governmental unit owes a claimant only the duty that a private person owes to a licensee on private property unless the claimant pays for the use of the premises. Tex. Civ. Prac. & Rem. Code Ann. § 101.022(a). This duty requires a landowner not to injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not. *Payne*, 838 S.W.2d 235, 237.

There is no issue of fact regarding Hawkins's knowledge of the dangerous condition of the trash bin. Therefore, the City does not owe a duty to warn Hawkins of a dangerous condition on the premises of which he is aware; and the City cannot be "grossly negligent in its conduct of failing to warn Hawkins of . . . the dangerous condition that existed on its premises." *See id*; *see also State v. Shumake*, 199 S.W.3d 279, 288 (Tex. 2006) (under the recreational use statute, a landowner is not grossly negligent for failing to warn or protect from obvious defects and conditions).

In its third issue, the City asserts that Hawkins appeared to raise a claim for negligent implementation of policy in his response to the City's plea to the jurisdiction. Hawkins stated that the City failed to warn or make reasonably safe the dangerous condition of the trash bin, despite the "knowledge of this dangerous condition." Hawkins further stated that "the City had policies, procedures, and rules in place for the last fifteen years, although obviously not enforced to keep facility users at least 10 to 12 feet away from the debris hole and to let the trained City operator . . . push the dumped debris the final 10 to 12 feet to the debris hole."

9

According to the City, it is not liable for any alleged failure to enforce policies because (1) Hawkins did not plead this theory of negligence in his original petition; and (2) even if Hawkins had done so, this claim fails because Hawkins cannot otherwise establish a waiver of immunity under the Texas Tort Claims Act. Hawkins does not respond to the City's argument.

"Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). Pleadings shall give fair notice of the claim or defense asserted to provide the opposing party with enough information to enable it to prepare a defense. *Bank One, Tex., N.A. v. Stewart*, 967 S.W.2d 419, 430 (Tex. App.— Houston [14th Dist.] 1998, pet. denied). Additionally, a judgment must conform to the issues raised in the pleadings. *See* Tex. R. Civ. P. 301; *Maswoswe v. Nelson*, 327 S.W.3d 889, 894 (Tex. App.—Beaumont 2010, no pet.); *Stewart*, 967 S.W.2d at 430. "Consequently, there can be no award of a judgment to a litigant upon a theory not set forth in his pleadings." *Texaco, Inc. v. Wolfe*, 601 S.W.2d 737, 741 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Hawkins did not allege in his original petition that the City negligently implemented or failed to enforce policies. Hawkins did not amend his pleading, even after the City stated in its reply to Hawkins's response to the plea to the jurisdiction that it cannot be liable because Hawkins failed to plead this negligence theory. But even if Hawkins had pleaded this negligence theory, it would fail because Hawkins cannot otherwise establish a waiver of immunity under the Texas Tort Claims Act as he is required to do. *City of Houston v. Ranjel*, 407 S.W.3d 880, 892 n.8 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

The allegedly negligent implementation of policy does not by itself waive immunity. *Dimas v. Tex. State Univ. Sys.*, 201 S.W.3d 260, 267 (Tex. App.—Houston [14th Dist.] 2006, no pet.) Waiver of immunity must be demonstrated under some provision of the Texas Tort Claims Act before a claim of negligent implementation of policy can be pursued. *Id.* Here, Hawkins cannot establish a waiver of immunity under a premises defect theory for the reasons discussed above. Accordingly, Hawkins's waiver argument based on negligent implementation would fail. *See id.*

## Conclusion

Hawkins cannot establish the necessary waiver of governmental immunity that would allow this case to proceed. We sustain the City's issues. We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment dismissing Hawkins's suit against the City for lack of subject matter jurisdiction.


/s/      William J. Boyce
Justice

Panel consists of Justices Boyce, Christopher and Brown.