# NO. 12-21-00202-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: AETHON ENERGY OPERATING LLC, AETHON ENERGY MANAGEMENT LLC, AETHON II GP LP, KUDU MIDSTREAM LLC, AND SCONA LLC, RELATORS* | § §  § §  § | *ORIGINAL PROCEEDING* |

## *MEMORANDUM OPINION*

Relators, Aethon Energy Operating, LLC, Aethon Energy Management, LLC, Aethon II GP, LP, Kudu Midstream, LLC, and Scona, LLC filed this original proceeding to challenge several of Respondent's actions.[1] We conditionally grant the writ, in part.

## BACKGROUND

Real Parties in Interest, Lud R. Davis, III and Charlotte Davis sued Relators for breach of contract, statutory causes of action, and common law fraud, arising out of allegations that Relators violated express or implied terms of their oil and gas lease agreements with the Davises. The Davises served Relators with discovery requests, including requests for admission, production, and interrogatories.

On August 16, 2021, the Davises filed a motion to compel discovery and for sanctions, in which they maintained that several of their requests for production and interrogatories still required a response and several of the admission requests should be deemed admitted for improper responses. The motion was set for a hearing on September 15. On September 13, Aethon Energy Management, Aethon II, Kudu, and Scona filed a plea to the jurisdiction on grounds that there are no justiciable issues with respect to them. Relators also filed a motion for traditional and no-evidence summary judgment, which alleged that no justifiable claims exist

---

[1] Respondent is the Honorable James A. Payne, Jr., Judge of the 273rd District Court in San Augustine County, Texas.

against Aethon Energy Management, Aethon II, Kudu, and Scona and there was no evidence of breach of contract, statutory violations, or fraud. Additionally, Relators filed a motion for protective order and a motion for continuance of the September 15 hearing. At the September 15 hearing, Respondent decided to continue the hearing on the motion to compel to October 6 when the plea to the jurisdiction and summary judgment were set.

At the October 6 hearing, Respondent stated that he would proceed on the plea to the jurisdiction but not the summary judgment. Respondent overruled Relators' objections to production requests and interrogatories, but requested additional briefing on the admissions. On October 12, Respondent signed an order denying the plea to the jurisdiction, granting the Davises' motion to compel and for sanctions, and setting a briefing schedule for show cause on deemed admissions. The order compelled discovery responses by November 5. Relators filed this original proceeding on November 8, and we granted their request for a stay of the October 12 order pending further order of this Court.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.).

## PLEA TO THE JURISDICTION

Relators contend Respondent abused his discretion by (1) requiring that they present argument on a plea not set on the docket and refusing to consider their summary judgment motion on the same issues; and (2) denying the plea to the jurisdiction.

### Due Process

Relators argue that Respondent violated their due process rights by refusing to hear the motion for summary judgment, requiring them to proceed on the plea to the jurisdiction at the October 6 hearing when the plea had been reset for November 3, and thereby depriving them of the right to adequately reply to the Davises' response to the plea to the jurisdiction.

2

On September 13, Relators' counsel filed a notice of hearing, which stated that the plea to the jurisdiction and summary judgment motion were set to be heard on October 6. At the September 15 hearing, Relators' counsel requested that the Davises' motion to compel be continued until after a decision on the plea to the jurisdiction. The following exchange occurred:

Respondent: All right. I am going to continue the hearing on the motion to compel until October 6th when the plea to the jurisdiction -- and I think there is a summary judgment or something else set for that day.

Is there a summary judgment? Did I read that right?

Relators' Counsel: That's correct. Motion for summary judgment, yes.

Respondent subsequently stated, "I'm going to listen to the whole thing on October 6th[.]" The Davises' counsel represented that they would be moving for a continuance on the summary judgment motion and, on September 21, they filed their motion for continuance of the October 6 hearing on summary judgment.

On October 1, Relators filed a motion for continuance of the motion to compel and a response to the Davises' motion for continuance. Relators stated that their counsel offered to move the hearing by agreement but received no response from the Davises' counsel. Relators also argued that the Davises' motion was moot because the Relators reset the hearing on their plea to the jurisdiction and motion for summary judgment to November 3. At the October 6 hearing, Relators' counsel objected that the plea was not set for October 6 and briefly mentioned due process. Respondent proceeded to hear and deny the plea.

Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). A review of the record demonstrates that Relators' counsel obtained the October 6 hearing date on the plea to the jurisdiction and knew Respondent intended to hear the plea on October 6. Thus, Relators had notice that the plea would be heard on October 6 and had an opportunity to be heard at that hearing. And Respondent did not rule on the plea before the scheduled hearing date. Relators' counsel reset the hearing date on her own. Relators are correct that the movant, not the trial court, has a duty to procure a hearing on his or her motion. *See In re Wigley*, No. 14-19-00749-CV, 2019 WL 5078650, at *2 (Tex. App.—Houston [14th Dist.] Oct. 10, 2019, orig. proceeding) (mem. op.) (per curiam); *Bolton's Estate v.*

3

*Coats*, 608 S.W.2d 722, 729 (Tex. App.—Tyler 1980, writ ref'd n.r.e.). But this does not mean that a party, acting on his or her own, is entitled to change the date of an already pending hearing. It is the trial court, not the parties, who has the inherent power to control the disposition of cases on its docket. *See In re B.G.B.*, 580 S.W.3d 310, 318 (Tex. App.—Tyler 2019, orig. proceeding). Respondent had not granted a continuance and the parties had not agreed to a continuance. Under these circumstances, we cannot conclude that Respondent violated Relators' due process rights by proceeding with the October 6 hearing on the plea to the jurisdiction.

Relators further contend Respondent abused his discretion by not addressing their summary judgment motion in violation of their due process rights. But Relators do not explain how the refusal to consider this motion on October 6, as opposed to considering the motion at another hearing, violated due process. *See* TEX. R. APP. P. 52.3(h) (mandamus petition must contain clear and concise argument for contentions made); *see also Fitzgerald*, 429 S.W.3d at 897 (fulfilling duty under Rule 52.3(h) entails more than proffering mere conclusions; relator must provide substantive legal analysis supporting arguments and conclusions). Accordingly, this complaint is waived.[2] *See Fitzgerald*, 429 S.W.3d at 897.

## Denial of Plea

In their plea to the jurisdiction, four of the Relators (excluding Aethon Energy Operating) maintained that there are no justiciable issues against them because they were not parties to, payors of, or operators of the subject leases, owed no fiduciary duties to the Davises, and the Davises' claims against them should be dismissed for lack of jurisdiction. On these grounds, they further argued that the Davises lacked standing to sue them because (1) no real controversy existed between them and the four Relators absent enforceable contracts or duties, (2) the Davises generally alleged a hypothetical injury without evidence of a concrete, particularized, actual, or imminent harm inflicted by the four Relators, (3) the Davises could not trace their alleged injuries to the four Relators, and (4) the Davises could not prove that the four Relators have authority to remedy any alleged injury, as they owe no duties under the leases. In this

---

[2] When discussing the October 6 hearing in the context of their due process argument, Relators cite *In re Hoa Hao Buddhist Congregational Church Tex. Chapter*, No. 01-14-00059-CV, 2014 WL 7335188 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, orig. proceeding) (mem. op.), in which the appellate court concluded that the "trial court abused its discretion in requiring relators to comply fully with Huynh's discovery demands before determining the jurisdiction question raised in relators' motion for protective order and plea to the jurisdiction." *Hoa Hao*, 2014 WL 7335188, at *6. But this case does not discuss whether the relators' due process rights were violated by the trial court's actions. *See id.*, at *3-6.

4

proceeding, the four Relators maintain that Respondent abused his discretion by denying their plea to the jurisdiction because they were improperly joined in the lawsuit and, consequently, the Davises lack standing to sue them. They concede that Aethon Energy Operating is a proper party.

A plea to the jurisdiction is a dilatory plea whose purpose is to defeat a claim on jurisdictional grounds regardless of the claim's merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). That Relators classify their argument as one of standing does not make it so. A party's assertion that it is an improper party is an affirmative defense. *See Taylor v. Tristar Risk Mgmt.*, No. 02-19-00398-CV, 2020 WL 2202452, at *2 (Tex. App.—Fort Worth May 7, 2020, no pet.) (mem. op.). "An affirmative defense to liability does not implicate the trial court's subject-matter jurisdiction; therefore, it is not properly asserted in a plea to the jurisdiction." *Nickerson v. Pineda*, No. 13-17-00346-CV, 2019 WL 2041774, at *5 (Tex. App.—Corpus Christi May 9, 2019, pet. denied) (mem. op.). "Rather, an affirmative defense to liability is properly raised through a motion for summary judgment." *Id*. Whether the Davises' claims should have been brought against Aethon Energy Operating alone and not the other four Relators is a question of liability, not jurisdiction. *See e.g. In re Fisher*, 433 S.W.3d 523, 528 (Tex. 2014) (orig. proceeding) (relators challenged trial court's failure to dismiss for lack of subject matter jurisdiction because real party's claims were for a debt owed by another party, Nighthawk, and must be filed against Nighthawk in bankruptcy court; Texas Supreme Court explained that trial court did not lack jurisdiction over real party's claims – "Whether those claims should have been brought against another party (Nighthawk) is not a question of jurisdiction requiring dismissal, but is a question of liability"). Because Relators' plea raised an issue of liability rather than jurisdiction, we cannot conclude that Respondent abused his discretion by denying the plea to the jurisdiction.

### DISCOVERY REQUESTS

The scope of discovery largely rests within the discretion of the trial court. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). In general, a party may obtain discovery regarding any matter that is not privileged and is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party, provided the discovery is "reasonably calculated to lead

5

to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). Relevant evidence is that which has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. TEX. R. EVID. 401.

A discovery request is overbroad when it encompasses time periods, activities, or products that are not relevant to the case in which the discovery is sought. *See **In re Nat'l Lloyds Ins. Co.***, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). A discovery order that compels overly broad discovery is an abuse of discretion. ***Dillard Dep't Stores, Inc. v. Hall***, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam). Discovery requests must be reasonably tailored to include only matters relevant to the case. *See **CSX Corp.***, 124 S.W.3d at 152. It is not the burden of the responding party to tailor a reasonable discovery request for the requesting party. ***In re Houstonian Campus, L.L.C.***, 312 S.W.3d 178, 181 (Tex. App.—Houston [14th Dist.] 2010, orig. proceeding). Rather, the requesting party has the responsibility to narrowly tailor its requests. *Id*. at 182. "A central consideration in determining overbreadth is whether the request could have been more narrowly tailored to avoid including tenuous information and still obtain the necessary, pertinent information." ***CSX Corp.***, 124 S.W.3d at 153. Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion. *See **In re Daisy Mfg. Co.***, 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam).

## Production Requests

The Davises served fifteen production requests on each Relator. In their ninth request, the Davises sought production of tax returns.[3]  However, the Davises' mandamus response contains a stipulation that they no longer seek production of tax returns because they have served other discovery requests that will yield the information they need to prosecute their claims. Accordingly, there no longer exists a controversy between the parties with respect to production of income tax returns.  Thus, we conclude that any issue with respect to production of tax returns is now moot and we need not address it.  *See* TEX. R. APP. P. 47.1; *see also **In re Hite***, No. 12-18-00121-CV, 2018 WL 2715300, at *2 (Tex. App.—Tyler June 6, 2018, orig. proceeding) (mem. op.) (declining to consider moot issue regarding production of tax return); *see also, e.g.,*

---

[3] Relators objected to the request, in part, because the information requested is protected by privacy rights. *See **In re Beeson***, 378 S.W.3d 8, 13 (Tex. App.—Houston [1st Dist.] 2011, orig. proceeding) ("issues of relevance and materiality were implicitly subsumed within Beeson's objection that the production of his federal tax returns would violate his constitutional right to privacy").

*In re Holman*, No. 12-21-00145-CV, 2021 WL 5237945, at *6 (Tex. App.—Tyler Nov. 10, 2021, orig. proceeding) (mem. op.) (conditionally granting mandamus relief as to production of tax returns absent materiality).

With respect to the other documents requested, Relators complain of Respondent's "global grant of all discovery items requested in Real Parties' *Motion to Compel*, absent a determination of relevance, overbreadth, or whether the items requested were equally available." Relators devote an entire section of their brief to discussing why Respondent abused his discretion by requiring production of tax returns. But with respect to the other documents requested, their entire argument is as follows:

> First, Real Parties' Request[s] for Production are essentially duplicative requests aimed at each of the five (5) Relators, regardless of whether a relationship exists between the respective entity and Real Parties. Generally, the Requests ask for contracts, proprietary pricing information, agreements, internal communications, and correspondence from each respective entity absent any showing of the respective entity's relationship to the matters in dispute. Moreover, numerous requests are not limited in time or scope. The trial court further abused its discretion in allowing Real Parties to conduct an impermissible fishing expedition into each entities [sic] incorporation documents, organizational meeting minutes; resolutions, certificates, tax returns, and items that are completely immaterial such as each entities Secretary of State registration.

> Similarly, the requests seek information that is equally available from public sources, such as the Railroad Commission. Additionally, the requests ask for correspondence of which Real Parties naturally, were already in possession.

Only in footnotes do Relators cite this Court to any specific requests.

It is not this Court's duty, or even right, to conduct an independent review of the record and applicable law to determine whether there was error. *Interest of A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. *Id*. As previously referenced with respect to Relators' due process argument, a mandamus petition must contain clear and concise arguments for the contentions made, with appropriate citations to authorities and the appendix or record. *See* TEX. R. APP. P. 52.3(h). Fulfilling this duty entails more than proffering mere conclusions; a relator must provide substantive legal analysis supporting the arguments and conclusions. *Fitzgerald*, 429 S.W.3d at 897. As set forth above, Relators' argument regarding the requests for production, aside from the requests for tax returns, consists of mere conclusions unaccompanied by any substantive discussion of legal principles or controlling authority. *See id*. We will not speculate as to the substance of the specific issues presented and will not make a

7

party's arguments for it. *See Stanton v. Gloerson*, No. 05-16-00214-CV, 2016 WL 7166550, at *5 (Tex. App.—Dallas, Nov. 30, 2016, pet. denied) (mem. op.). Relators' failure to fulfill their duty under Rule 52.3(h) results in waiver of their complaint regarding the requests for production. *See Fitzgerald*, 429 S.W.3d at 897; *see also In re Lankford,* 501 S.W.3d 681, 690 (Tex. App.—Tyler 2016, orig. proceeding) (declining to address issue that was unsupported by any substantive analysis); *Stanton*, 2016 WL 7166550, at *5.

**Interrogatories**

The Davises served twenty interrogatories on the three Aethon entities and twenty-two interrogatories on Kudu and Scona. Relators contend that the "Interrogatories contain duplicative requests that in most instances do not pertain to the respective Relators given that Aethon Energy Operating is the only entity with a relationship to the Subject Leases, and therefore the only party with a duty to provide any of the information requested to Real Parties." They maintain that Respondent's order is overbroad and based on an "unsupported assertion that each of the respective Relators are involved in a fraudulent pricing scheme." But Relators assert that this basis fails to justify an order that "effectively required the production of all documents kept in the ordinary course of business for each respective entity, nor the identification of matters that are not relevant to the lawsuit." Accordingly, they conclude that the Davises engaged in an impermissible fishing expedition. Because Relators specifically mention only three interrogatories, we limit our review to those interrogatories.[4] *See* TEX. R. APP. P. 52.3(h); *A.E.*, 580 S.W.3d at 219; *Lankford,* 501 S.W.3d at 690; *Stanton*, 2016 WL 7166550, at *5; *Fitzgerald*, 429 S.W.3d at 897.

First, interrogatory thirteen to Scona states the following:

> Identify the steps You took to ensure You received the best and highest price reasonably obtainable for the hydrocarbons produced under the Subject Leases or any other wells or properties You own or operate in San Augustine County, Texas in which Plaintiffs own a mineral interest.

According to Relators, "This request asks an entity with no relation or duty to Real Parties to outline a progression of actions that are irrelevant to the claims at bar." But Scona did not object to interrogatory thirteen; therefore, this complaint is waived. *See* TEX. R. CIV. P. 193.2(a) ("party

---

[4] Aethon Energy Management and Aethon II only objected to three interrogatories.

must state specifically the legal or factual basis for the objection"); *see also **In re HEB Grocery, Co., LP***, 375 S.W.3d 497, 501 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) ("as HEB failed to object to the subject discovery on the basis that it was burdensome, it waived the objection in the trial court…. [t]he failure of the trial court to sustain an objection not made could not provide a basis for mandamus relief").

Second, interrogatory eleven to Aethon II states, "Identify all entities in which You own more than a ten percent (10%) interest." Relators argue, "This request bears no relation to the matters at issue and contains no limitation." Aethon II objected to this interrogatory "based on relevance. Further, the request is not proportional to the needs of the case, nor will it lead to the discovery of admissible evidence." Third, Relators complain of interrogatory twenty-two to Kudu - "Identify and describe your system of pipelines in San Augustine County, Texas and the parties to whom your pipelines connect within San Augustine County, Texas" – as overbroad and disproportionate. Kudu responded to this interrogatory as follows:

> Defendant objects to the foregoing request as overly broad and not proportional to the needs of the instant case. Subject thereto, Defendant responds as follows:
> Kudu gathers gas from receipt points on its systems in East Texas and redelivers producers' gas to the Delivery points.

In their discussion of the interrogatories, Relators cite to only one case, ***Texaco, Inc. v. Sanderson***, 898 S.W.2d 813 (Tex. 1995) (per curiam), to support their contention that requests for all documents, absent limitations as to time place, or subject matter, are overbroad. In ***Sanderson***, the Texas Supreme Court explained, "A specific request for discovery reasonably tailored to include only matters relevant to the case is not overbroad merely because the request may call for some information of doubtful relevance. Parties must have some latitude in fashioning proper discovery requests." ***Sanderson***, 898 S.W.2d at 815. The request at issue sought "production of 'all documents written by John Sexton, who was corporate safety director, that concern safety, toxicology, and industrial hygiene, epidemiology, fire protection and training.'" *Id*. at 814. The Supreme Court held that this request fell well outside the bounds of proper discovery: "It is not merely an impermissible fishing expedition; it is an effort to dredge the lake in hopes of finding a fish." *Id*. at 815. Relying on ***Sanderson***, Relators argue:

9

By their own admission, Real Parties concede to "trying to tease apart what is going on with the scheme." Stated otherwise, Real Parties have engaged in an impermissible fishing expedition in an effort to support their meritless claims. In allowing Real Parties such unfettered access into Relators' private corporate affairs, without deference to the validity of their objections, assertions of privilege, or the opportunity to amend, the trial court clearly abused its discretion and its order must be vacated.

Interrogatory eleven seeks the identification of "all entities in which [Aethon II] own[s] more than a ten percent (10%) interest." Interrogatory twenty-two asks Kudu to "Identify and describe [its] system of pipelines in San Augustine County, Texas and the parties to whom [its] pipelines connect within San Augustine County, Texas." But discovery requests must be limited to the relevant time, place, and subject matter; requests not so reasonably tailored are overbroad as a matter of law. *See **In re Sun Coast Res., Inc.***, 562 S.W.3d 138, 147 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). Interrogatories eleven and twenty-two contain no such limitations and could have been more narrowly tailored. *See **In re UV Logistics, LLC***, No. 12-20-00196-CV, 2021 WL 306205, at *5 (Tex. App.—Tyler Jan. 29, 2021, orig. proceeding) (mem. op.). Thus, they are overbroad as a matter of law.

## Admissions

Relators maintain that Respondent abused his discretion by ordering their admissions deemed. According to Relators, Respondent "rendered a judgment that 'deemed' sixty (60) Requests for Admissions between the five (5) Relators, with no individual assessment as to whether good cause existed for each respective response." The Davises argue that Respondent did not make a final ruling, having left open the possibility of allowing amendment or withdrawal of Relators' admissions, and that this issue is not ripe for our review.

A party who requested an admission under Texas Rule of Civil Procedure 198 may move to determine the sufficiency of the answer or objection. Tᴇx. R. Cɪv. P. 215.4(a). An evasive or incomplete answer may be treated as a failure to answer. *Id*. Unless the court determines that an objection is justified, it shall order that an answer be served. *Id*. If the court determines that an answer does not comply with the requirements of Rule 198, it may order that the matter is admitted or that an amended answer be served. *Id*. "A relator lacks an adequate remedy by appeal when their ability to present a viable claim or defense at trial is vitiated or severely compromised by erroneously deemed admissions." *In re Cagle*, 585 S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

At the October 6 hearing, Respondent stated the following:

10

You know, with respect to the request for admissions, I get the frustration. The Court is hesitant to deem admissions this early in the process. I think, Ms. Watkins [Relators' counsel], that you have told me enough -- to a bare minimum amount -- to demonstrate good faith. I think I disagree with some of your positions on how one can go about answering adequately request for admissions. I hesitate, you know, I'm low to deem admissions this early in the case with the importance of the issues involved.

…I think I've addressed everything in the motion to compel except for the admissions issue … I would like both parties to send me additional briefs on your positions on, number one, whether the responses that the defendant has made are adequate under the law, okay; and number two, whether or not the responses should be deemed admitted or not, okay, fair enough?

I'm giving you a shot to explain this some more. I'm really low to consider these admissions deemed. I'm going to give you another shot to go back to your office, gather your thoughts, and look at the law and give me some briefing on why these responses are adequate and why I shouldn't consider them deemed….

At the conclusion of the hearing, Respondent added:

…y'all can see the problem I've got with the whole admission thing. We're early in the lawsuit and discovery hadn't really been engaged in, for whatever reason.

I hesitate to deem a lot of admissions that are going to be -- this one case I did read said, issue preclusive. However, you are not giving me a lot to work with, Ms. Watkins. I'm trying to work with you. I'm trying to understand, okay. That's why I'm giving you the additional briefing time. I'm interested in what you come up with, okay.

I don't want to deem a lot of admissions or to confirm. You know, I think, you know, arguably they're already deemed. But I don't want -- arguably it's your burden to convince me why they should be un deemed, okay, under the law. I guarantee you that. You haven't – you've given me just enough this afternoon that I'm going to allow you additional time to do some briefing and convince me why they – I'm trying to think of a proper term why they should be undeemed, for lack of a better term. Okay.

But Respondent ordered Relators to file a brief on or before November 5, 2021 to show cause why the following requests for admissions "should not *remain admitted*:" (1) admissions 2, 3, 5-7, and 10-12 to Aethon Energy Management, (2) admissions 2, 4, 5, 7-11, 13-23, and 26 to Aethon Energy Operating, (3) admissions 2-14 to Aethon II, (4) admissions 2-10, 19, and 20 to Kudu, and (5) admissions 2-7, 14, and 17 to Scona.[5] (emphasis added). Accordingly, Respondent's order reflects a finding that the identified admissions have been deemed and merely gave Relators an opportunity to provide reasons why they should not remain so. That

---

[5] Respondent's order does not expressly overrule Relators' objections to requests for admission. By granting the motion to compel, Respondent implicitly overruled the objections. *See Trevino v. City of Pearland*, 531 S.W.3d 290, 299 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("An implicit overruling is one that, though unspoken, reasonably can be inferred from something else"); *see also In re Kenefick*, No. 14-08-00203-CV, 2008 WL 3833842, at *6 (Tex. App.—Houston [14th Dist.] Aug. 19, 2008, orig. proceeding) (mem. op.).

Respondent may later change his ruling and allow Relators to withdraw or amend their answers does not obviate the fact that Respondent did make a ruling finding the admissions deemed. *See Good v. Baker*, 339 S.W.3d 260, 274 (Tex. App.—Texarkana 2011, pet. denied) (Carter, J., dissenting) (determination of finality not affected by trial court's ability to reconsider order). Because Respondent's ruling is clear with respect to finding the admissions deemed, we conclude the issue is ripe for our review. *See Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 819-20 (Tex. App.—Dallas 2008, no pet.) (complaint is ripe when controversy is real, not abstract, hypothetical, or remote).

In their briefing, Relators point to only two specific admission requests, while globally challenging the remaining requests that Respondent deemed. Nevertheless, because deemed admissions carry such severe consequences, we will address all the admission requests that Respondent deemed. *See Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019) ("When a deemed admission arises from a merits-preclusive request—one in which the requestor essentially seeks an admission of liability—the deemed admission can amount to a death-penalty sanction"); *see also Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 838 (Tex. App.—Dallas 2009, no pet.) ("facts admitted may not be contradicted by evidence at the trial").

*Merits Preclusive Requests*

Unless the responding party states an objection or asserts a privilege, that party must specifically admit or deny the request or explain in detail the reasons that it cannot admit or deny the request. TEX. R. CIV. P. 198.2(b). The response must fairly meet the substance of the request. *Id*. The responding party may qualify an answer, or deny a request in part, only when good faith requires. *Id*. Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but the information known or easily obtainable is insufficient to enable the party to admit or deny. *Id*. An assertion that the request presents an issue for trial is not a proper response. *Id*.

A merits preclusive request is one in which the requestor essentially seeks an admission of liability. *Medina*, 593 S.W.3d at 244. Several of the requests, regardless of how Relators responded, are merits preclusive. This includes requests 10-12 to Aethon Energy Management and 12-14 to Aethon II, which state as follows:

> Admit under the Subject Leases You have a duty to reasonably market the hydrocarbons produced under the Subject Leases.

12

Admit You have a duty to act as a reasonably prudent operator in marketing the hydrocarbons produced under the Subject Leases.

Admit You have a duty to the lessor under the Subject Leases to find the best and highest price reasonably obtainable for the hydrocarbons produced under Subject Leases.

To each request, Aethon Energy Management responded, "Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law. *Cedyco Corp. v. Whitehead,* 253 S.W.3d 877, 880-81 (Tex. App.--- Beaumont 2008, pet. denied). Subject to the foregoing objection, not applicable." Aethon II responded, "Not applicable" to each request. The following requests to Aethon Energy Operating are also merits preclusive:

**REQUEST FOR ADMISSION NO. 4:**
Admit You are the successor in interest to SM Energy Company regarding the Operation of the Subject Leases.
**RESPONSE: Defendant objects to the foregoing request as the terms are ambiguous. Therefore, Defendant is unable to admit or deny. Specifically, the request seeks information related to the "successor in interest" to SM Energy regarding "operations".**

**REQUEST FOR ADMISSION NO. 26:**
Admit You have a duty to act as a reasonably prudent operator in marketing the hydrocarbons produced under the Subject Leases.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law. *Cedyco Corp. v. Whitehead,* 253 S.W.3d 877, 880-81 (Tex. App.--- Beaumont 2008, pet. denied).**

Finally, request 4 to Scona states, "Admit You are the successor in interest to SM Energy Company regarding the Operation of the Subject Leases." Scona responded, "Not applicable."

When requests for admission are merits-preclusive, the party opposing the withdrawal of the admissions has the burden to show that the party seeking the withdrawal acted with bad faith or callous disregard for the rules. ***Ralls v. Funk***, 592 S.W.3d 178, 183 (Tex. App.— Tyler 2019, pet. denied). Simple bad judgment does not rise to the level of bad faith or callous disregard for the rules. *Id*. Bad faith is the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose. *Id*. "[A]bsent flagrant bad faith or callous disregard for the rules, due process bars merits-preclusive sanctions[.]" ***Wheeler v. Green***, 157 S.W.3d 439, 443 (Tex. 2005). Here, there is no such showing of flagrant bad faith or callous disregard for the rules. Even Respondent acknowledged that Relators' counsel had given him enough to "demonstrate good faith." Because the above requests are merits preclusive and the record contains no evidence demonstrating that Relators acted with a dishonest, discriminatory, or

13

malicious purpose in answering the requests for admission, we conclude that Respondent abused his discretion by finding these admissions deemed. *See id*. at 443-44 ("This record contains no evidence of flagrant bad faith or callous disregard for the rules, nothing to justify a presumption that Sandra's case lacks merit, and nothing to suggest Darrin was unable to prepare for trial without the admissions"). In summary, Respondent abused his discretion by finding the following admissions deemed: requests 4, 5, and 26 to Aethon Energy Operating, requests 10-12 to Aethon Energy Management, requests 12-14 to Aethon II, and request 4 to Scona. The remainder of the requests that Respondent found to be deemed are not merits preclusive. We address those requests below.

### *Non-Merits Preclusive Requests: Abuse of Discretion*

Additionally, Respondent abused his discretion by finding request 5 to Aethon Energy Operating to be deemed. Request 5 directed Aethon Energy Operating to admit that the subject leases contained certain language. Aethon Energy Operating answered, "Deny as to language written in by Plaintiffs, otherwise Admit." When good faith requires, a responding party may qualify an answer or deny a request in part. *See* Tex. R. App. P. 198.2(b). Aethon Energy Operating's response complies with Rule 198.2(b) in that it both denied the request in part and qualified its answer admitting the request. And again, Respondent acknowledged that Relators counsel offered enough to "demonstrate good cause." Accordingly, admission 5 should not have been deemed admitted.

And request 2 to Aethon Energy Operating stated, "Admit Exhibit 'A' attached to and incorporated into this Request for Admissions contains a true and correct copy of the Subject Leases." Aethon Energy Operating responded:

> Defendant objects to the foregoing request because it cannot admit or deny the genuineness of the document attached to the request because the copy is illegible. The party must be able to inspect the original before responding. *See*, Tex. R. Civ. P. 198.2(b).

A party may serve on another party written requests that the other party admit the truth of any matter within the scope of discovery, including the genuineness of any documents served with the request or otherwise made available for inspection and copying. Tex. R. Civ. P. 198.1. A party must be able to inspect the original document before responding. *See* O'Connor's Texas Rules Civil Trials ch. 6-H, § 4.2(5)(1)(a) (2022); *see also generally* Tex. R. Civ. P. 198.2(b).

14

Because Aethon Energy Operating lodged a valid objection to this request, Respondent abused his discretion by deeming request 2 to Aethon Energy Operating.

*Non-Merits Preclusive Requests: No Abuse of Discretion*

Relators responded "not applicable" and made no objection to several of the requests: requests 3, 5, and 6 to Aethon Energy Management, requests 11 and 13-23 to Aethon Energy Operating, requests 3-7 and 11 to Aethon II, requests 3-5, 7-10, and 19 to Kudu, and requests 3, 5, and 17 to Scona. Under Rule 198.2(b), Relators were required to state an objection or assert a privilege, specifically admit or deny the request, or explain in detail why they could not admit or deny the request. *See* TEX. R. CIV. P. 198.2(b). They could also qualify an answer or deny in part when good faith requires. *See **id***. With respect to the requests identified, Relators did not respond as provided by the Rule. "When a party fails to properly answer a request for admissions, the matters therein are deemed admitted as a matter of law." ***Alexander v. State***, No. 02-10-00302-CV, 2011 WL 3836452, at *2 (Tex. App.—Fort Worth Aug. 31, 2011, pet. denied) (mem. op.); *see* TEX. R. CIV. P. 198.2(c) ("If a response is not timely served, the request is considered admitted without the necessity of a court order."). Because Relators' responses to these admissions did not comply with Rule 198, Respondent did not abuse his discretion by finding them deemed. *See* TEX. R. CIV. P. 193.1 ("When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made").

Nor did Respondent abuse his discretion by finding the following admissions deemed:

**REQUEST FOR ADMISSION NO. 2** [to Aethon Energy Management, Aethon II, Kudu, and Scona]**:**
Admit Exhibit "A" attached to and incorporated into this Request for Admissions contains a true and correct copy of the Subject Leases.
**RESPONSE: Defendant objects to the foregoing request because it cannot admit or deny the genuineness of the document attached to the request because the copy is illegible. The party must be able to inspect the original before responding. *See*, Tex. R. Civ. P. 198.2(b).**
**Subject to the foregoing objection, not applicable.** [6]

**REQUEST FOR ADMISSION NO. 6** [to Kudu and Scona]**:**
Admit there was a marketing mechanism in place upon assumption of operation of the Subject Leases.

---

[6] Unlike Aethon Energy Operating's objection to request 2, these Relators responded "not applicable" in addition to objecting. But if the document was illegible and its genuineness could not be verified, it also serves that Relators would be unable to determine whether the document was truly inapplicable.

**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Subject to the foregoing objection, not applicable.**

**REQUEST FOR ADMISSION NO. 8** [to Aethon II]**:**
Admit You are the Governing Person of Aethon United Gas LP.
**RESPONSE:**
**Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, "governing person" is not defined.**
**Subject to the foregoing objection, and without waiving same, Defendant responds as follows: not applicable.**

**REQUEST FOR ADMISSION NO. 14** [to Scona]**:**
Admit the custody transfer point of the produced minerals from the Subject Leases is at or near the wellhead.
**RESPONSE: Defendant objects as the request asks Defendant to admit a proposition of law. Subject thereto: Not applicable.**

**REQUEST FOR ADMISSION NO. 20** [to Kudu]**:**
Admit the custody transfer point of the produced minerals from the Subject Leases is at or near the wellhead.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Subject to the foregoing objection, not applicable.**

Although Relators objected to these requests, they proceeded to respond, "not applicable" rather than admitting, denying, or offering an explanation for why they could not admit or deny. Accordingly, Respondent could have reasonably viewed Relators' responses as evasive or incomplete and treated the responses as failures to answer. *See* TEX. R. CIV. P. 215.4(a); 193.1; *see also **Johnson v. Davis**,* 178 S.W.3d 230, 242 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (trial courts have broad discretion in discovery matters).

And aside from objecting, Relators provided no answer to the following requests:

**REQUEST FOR ADMISSION NO. 7** [to Aethon Energy Management]**:**
Admit Aethon Energy Operating LLC is your affiliate.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, affiliate is not defined.**

**REQUEST FOR ADMISSION NO. 7** [to Aethon Energy Operating]**:**
Admit Aethon Energy Management LLC is your affiliate.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, affiliate is not defined.**

**REQUEST FOR ADMISSION NO. 7** [to Scona]**:**

16

Admit Aethon Energy Operating LLC is your Governing Person.

**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Defendant further objects because, "governing person" is not defined.**

**REQUEST FOR ADMISSION NO. 8** [to Aethon Energy Operating]**:**
Admit Aethon II GP LP is your affiliate.
**RESPONSE:**
**Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, affiliate is not defined.**

**REQUEST FOR ADMISSION NO. 9** [to Aethon Energy Operating and Aethon II]**:**
Admit KUDU Midstream LLC is your affiliate.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, affiliate is not defined.**

**REQUEST FOR ADMISSION NO. 10** [to Aethon Energy Operating and Aethon II]**:**
Admit SCONA LLC is your affiliate.
**RESPONSE: Defendant objects to the foregoing request as it asks Defendant to admit a proposition of law.** *Cedyco Corp. v. Whitehead,* **253 S.W.3d 877, 880-81 (Tex. App.---Beaumont 2008, pet. denied). Additionally, affiliate is not defined.**

Under Rule 198.2(b), Relators were not required to state an answer when objecting. *See* TEX. R. CIV. P. 198.2(b). Nevertheless, Respondent could reasonably conclude that these requests do not seek answers to purely legal questions. The Davises merely sought to discover the relationship between Relators as entities. *See e.g.* ***Cedyco Corp. v. Whitehead***, 253 S.W.3d 877, 880-81 (Tex. App.—Beaumont 2008, pet. denied) (admissions that sole current legal owner of judgment is Anderson Martin Whitehead and Cedyco is not the current legal owner of the judgment were pure questions of law); *see also* Black's Law Dictionary 63 (8th ed. 2004) ("Affiliate" is a "corporation that is related to another corporation by shareholders or other means of control; a subsidiary, parent, or sibling corporation"). These requests do not require the "application or interpretation of the law." BLACK'S LAW DICTIONARY 1281 (8th ed. 2004) ("question of law").

Moreover, as previously discussed, Respondent expressed reluctance over deeming the admissions and scheduled briefing deadlines to allow Relators to explain why the admissions should not remain deemed. Thus, Respondent has yet to determine whether Relators should be allowed to withdraw or amend their admissions. *See* TEX. R. CIV. P. 198.3 (effect of admissions; withdrawal or amendment).

In summary, Respondent did not abuse his discretion by finding the following admissions deemed: requests 2-3, and 5-7 to Aethon Energy Management, requests 7-11 and 13-23 to

Aethon Energy Operating, requests 2-3 and 7-11 to Aethon II, requests 2-10, and 19-20 to Kudu, and requests 2-3, 5-7, 14, and 17 to Scona.

Relators contend that Respondent abused his discretion by awarding sanctions to the Davises. They maintain that Respondent failed to consider lesser sanctions and the record is silent as to the conduct Respondent believed to be abusive when imposing sanctions.

Respondent ordered Relators to pay as a sanction $5,000 for "incurred reasonable legal fees and expenses for the costs to obtain discovery responses and documents" from Relators. If a motion to compel is granted, the trial court "shall, after opportunity for hearing, require a party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay, at such time as ordered by the court, the moving party the reasonable expenses incurred in obtaining the order, including attorney fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." TEX. R. CIV. P. 215.1(d). But "[s]uch an order shall be subject to review on appeal from the final judgment." *Id*. Because there is a remedy by appeal, we decline to address this issue via mandamus. *See **In re Nat'l Lloyds Ins. Co.***, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam) (noting that trial court is better situated to determine whether attorney's fees award under Rule 215.1(d) remained appropriate in light of conditional grant); *see also **In re Treatment Equip. Co.***, No. 02-19-00202-CV, 2019 WL 3295633, at *7 (Tex. App.—Fort Worth July 23, 2019, orig. proceeding) (mem. op.) (in mandamus proceeding, declining to consider award under Rule 215.1(d) because relators had adequate remedy by appeal).

Having determined that Respondent abused his discretion by granting the Davises' motion to compel with respect to interrogatory eleven to Aethon II, interrogatory twenty-two to Kudu, admission requests 2, 4, 5, and 26 to Aethon Energy Operating, admission requests 10-12 to Aethon Energy Management, admission requests 12-14 to Aethon II, and admission request 4 to Scona, we ***conditionally grant, in part,*** Relators' petition for writ of mandamus. We direct Respondent to vacate that portion of the October 12, 2021, order compelling responses to

18

interrogatory eleven to Aethon II and interrogatory twenty-two to Kudu, and deeming admission requests 2, 4, 5, and 26 to Aethon Energy Operating, requests 10-12 to Aethon Energy Management, requests 12-14 to Aethon II, and request 4 to Scona, and in its stead, to issue an order (1) imposing limits on interrogatories eleven and twenty-two and compelling Relators Aethon II and Kudu, respectively, to respond to the interrogatories as limited, and (2) finding that these identified admissions are not deemed. We *lift* our stay of November 8, 2021.

GREG NEELEY
Justice

Opinion delivered January 26, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**JANUARY 26, 2022**

**NO. 12-21-00202-CV**

**AETHON ENERGY OPERATING LLC, AETHON ENERGY MANAGEMENT LLC, AETHON II GP LP, KUDU MISTREAM LLC, AND SCONA LLC,**
Relators
V.

**HON. JAMES A. PAYNE, JR.,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Aethon Energy Operating LLC, Aethon Energy Management LLC, Aethon II GP LP, Kudu Mistream LLC, and Scona LLC; who are the relators in appellate cause number 12-21-00202-CV and the defendants in trial court cause number CV-21-10130, pending on the docket of the 273rd Judicial District Court of San Augustine County, Texas. Said petition for writ of mandamus having been filed herein on November 8, 2021, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, *conditionally granted,* in part.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate that portion of the October 12, 2021, order (1) compelling responses to interrogatories, and in its stead, to issue an order imposing limits on interrogatories eleven and twenty-two and compelling Relators Aethon II and Kudu, respectively, to respond to the interrogatories as limited, and (2) deeming admission requests 2, 4, 5, and 26 to Aethon Energy

Operating, requests 10-12 to Aethon Energy Management, requests 12-14 to Aethon II, and request 4 to Scona, and in its stead, to issue an order finding that these admissions are not deemed; the writ will not issue unless the **HONORABLE JAMES A. PAYNE, JR**. fails to comply with this Court order within ten (10) days from the date of this order.

Greg Neeley, Justice.

*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*